867 So.2d 409 (2003)
Blekley COICOU, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-271.
District Court of Appeal of Florida, Third District.
December 10, 2003.
Rehearing and Certification Denied March 10, 2004.
*410 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Attorney General, and Marni A. Bryson, Assistant Attorney General, for appellee.
Before COPE, GERSTEN, and RAMIREZ, JJ.
RAMIREZ, J.
Blekley Coicou appeals the lower court's Final Judgment Adjudicating Guilt and Order Imposing Sentence. We reverse the conviction and sentence because the prosecution used the same act, the shooting of the victim, to prove both the attempted felony murder and the underlying robbery offense, but we remand with instructions to enter a judgment of conviction for attempted second-degree murder.
The State charged Coicou with a violation of section 782.051(1), Florida Statutes, attempted first-degree felony murder by attempting to commit a robbery against the victim, Christopher Artis, and as a separate act not an essential element of the robbery, shooting Artis in the chest.[1] The robbery and shooting occurred during a drug transaction between Coicou, the drug seller, and Artis, the drug buyer.
The testimony at trial revealed that on April 6, 2002, through a man named Drexie James, Artis arranged to meet with Coicou and his friend, Lulu, to buy cocaine. They drove in Artis' red Pontiac to Lulu's house where they met with Coicou and Lulu in Coicou's Lexus.
The deal was made, and Coicou left. Some time later, Coicou and Artis met again in front of Lulu's house. Artis was in his Pontiac with Drexie James. Artis removed a paper bag full of money from the trunk of his car and walked over to Coicou's car to get inside. Artis consensually handed Coicou the money, both men counted the money together, and Coicou put the money in his pocket. Artis testified that Coicou then showed him the bag of cocaine. When Artis stated he wanted to test the drugs, Coicou pulled out a gun and shot Artis in the chest, at the same time ordering him out of the Lexus. Coicou then left the scene with the $4,000.
After the state rested, the defense moved for a judgment of acquittal, arguing that there was no robbery because Artis consensually gave the money to Coicou. The trial court denied the motion. The defense presented its case, after which it again moved for judgment of acquittal, contending there was no proof of the underlying felony, the robbery, and that the *411 essential elements of attempted felony murder were not proven. The trial court again denied the motion.
The trial court instructed the jury on attempted felony murder, pursuant to section 782.051, Florida Statutes, and that the shooting constituted a separate intentional act that was not an element of the charged robbery. The trial court also instructed the jury on attempted second-degree murder, attempted manslaughter, attempted homicide, and attempted voluntary manslaughter. There were no objections to these instructions.
The jury convicted Coicou of attempted felony murder with a firearm, specifically finding that Coicou used a firearm and that he committed a robbery. The trial court denied the defense motion for a new trial. Coicou was convicted and sentenced as a habitual felony offender to life imprisonment.
On appeal, Coicou contends that the trial court fundamentally erred by convicting him of attempted felony murder because the State used the same act, the shooting of the victim, to prove both the attempted felony murder and the underlying robbery offense. He argues that in order to constitute a robbery offense, the taking must be established by force, violence, or putting in fear, according to the statute. He contends that the same act which makes the offense here an armed robbery, shooting Artis, was also the act relied on by the State to prove the attempted first-degree felony murder. He argues that Florida law prohibits convicting a person of attempted felony murder using proof of an element essential to the underlying felony.
The State contends that the issue was not preserved for review. We disagree. The record reflects that Coicou adequately preserved the issue for review when he made both of his motions for acquittal, one after the state rested and the other after the defense rested. Coicou brought to the attention of the trial court his contention that the State had not proven the essential elements of the charged crime (attempted first-degree felony murder) and the underlying felony allegation (robbery).
Furthermore, we agree with Coicou that the State did not prove the crime of attempted felony murder. The State charged Coicou with attempted first-degree felony murder under section 782.051(1), Florida Statutes, with robbery being the underlying offense. Section 782.051(1) states in relevant part:
(1) Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 9 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.
Thus, to be convicted of attempted first-degree felony murder, Coicou must have committed or attempted to commit an underlying enumerated felony and must have committed or aided in the commission of an intentional act which could have resulted in the victim's death but which act is not an essential element of the underlying offense. The deadly act cannot be an essential element of the underlying felony.
According to section 812.13(1), Florida Statutes:
(1) Robbery means: the taking of money or other property which may be the subject of larceny from the person or custody of another, with *412 intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
Furthermore, section 812.13(3)(b), Florida Statutes, states:
(b) An act shall be deemed "in the course of the taking" if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.
Id. (emphasis added). Here, Coicou took Artis' money. Artis testified that he voluntarily handed the money to Coicou. The use of force occurred after Artis handed the money to Coicou. The use of force, the shooting, was itself an essential element of the underlying robbery and was not an independent act as required by section 782.051(1). It follows then that the robbery offense could not also be considered for the attempted felony murder charge. Without this additional proof of force, the State failed to prove the main charge against Coicou, the attempted felony murder charge. See State v. Blanton, 821 So.2d 440, 442 (Fla. 5th DCA 2002); Thompson v. State, 814 So.2d 1103, 1106 (Fla. 4th DCA 2002). Thus, the trial court erred in denying Coicou's motion for judgment of acquittal.
Coicou next contends that because the State failed to prove one of the elements of attempted felony murder under section 782.051(1), his conviction and sentence must be reversed and he should be discharged. He is correct that his conviction and sentence for attempted felony murder should be reversed. However, we do not agree that he should be discharged.
Section 924.34, Florida Statutes (2001), states:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
In addition, the Florida Supreme Court held in I.T. v. State, 694 So.2d 720 (Fla. 1997), that section 924.34 refers to both category 1 necessary lesser included offenses and category 2 permissive lesser included offenses. We thus have the authority to reduce Coicou's conviction to a permissive lesser included offense. The evidence contained in the record supports a finding that Coicou acted in a manner which was imminently dangerous to the victim. This supports a conviction of the lesser included offense of attempted second-degree murder. Mingo v. State, 680 So.2d 1079 (Fla. 3d DCA 1996); Hayes v. State, 564 So.2d 161, 163 (Fla. 2d DCA 1990).
Accordingly, we remand to the trial court with directions to enter a judgment of conviction for the offense of attempted second-degree murder. We further direct the trial court to resentence Coicou in accordance with this opinion.
Reversed and remanded with instructions.
NOTES
[1] The State charged Coicou with aggravated battery, possession of a firearm by a convicted felon, use of a weapon during the commission of a felony, and attempted felony murder. All charges were dropped except for the attempted felony murder charge.