898 So.2d 163 (2005)
Willie DALLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3466.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
*164 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Dallas' conviction and sentence for both attempted robbery with a deadly weapon and attempted felony murder. Dallas asserts that the shooting, which comprised an element in the attempted murder, was also an essential element of the underlying felony, therefore requiring that the attempted felony murder conviction be vacated.
Viewing the evidence most favorably to the state, the victim stopped his car in an effort to buy drugs. Dallas and an accomplice, Osbourne, approached and asked what he needed. Osbourne entered the car and furnished the victim with a packet of cocaine. The discussion became heated and Osbourne pulled out a pistol, hit the victim in the face with it, and asked about money. Next, Dallas pulled out two pistols and started screaming and yelling, "where's the money, where's the money." The victim turned over everything from his pockets (wallet, money, papers), pushed his way out of the car, and took off running. Dallas, in pursuit, fired several shots, finally caught up to the victim, and fired again. The victim sustained two bullet wounds. Dallas then returned to the vehicle, leaving the victim lying on the ground.
He was charged with both attempted murder and attempted felony murder, as well as with robbery with a weapon. Count three specified "during the commission of such felony the defendant carried, displayed, used, threatened to use, or attempted to use any weapon, to wit: a firearm, and in the course of committing such felony discharged a firearm." At the conclusion of the state's case, the trial court reduced the robbery count to attempted robbery, apparently because it was not clear, from their recollection of the testimony at that time, whether there was money in the wallet.
The case went to the jury. In addition to asking the jury to determine guilt as to the crimes charged, the verdict form interrogatories asked whether Dallas carried a firearm during the commission of the crime, whether he had discharged the firearm, and, if so, whether the discharge had resulted in great bodily harm. The jury was also instructed that in order to find Dallas guilty of attempted felony murder, two elements must be proved (1) Dallas had perpetrated or attempted to perpetrate robbery and/or murder, and (2) had committed an act, discharging a firearm, that is not an essential element of robbery and/or murder that could, but did not, cause the death of another. In order to convict Dallas of both crimes, the attempted felony murder must include an intentional act that is not an essential element of the underlying attempted robbery. Thompson v. State, 814 So.2d 1103, 1105 (Fla. 4th DCA 2002).
Dallas' challenge is on the ground that discharge of the firearm was an essential element of his underlying crime of attempted robbery with a firearm, basing this contention upon the wording of the *165 information and the jury's fact-finding that the firearm was discharged during the commission of the crime. The discharge fact-finding, however, was not a part of the finding of guilt as to attempted robbery and is not an element of that crime, nor was it charged in the robbery count.
Dallas was convicted of attempted robbery with a deadly weapon, a violation of Florida Statutes Sections 777.04 and 812.13(2)(a). The elements of the attempted statute are that the person (1) attempts to commit the offense, (2) does any act toward the commission of such offense, but (3) fails in the perpetration or is intercepted or prevented in the execution. § 774.04, Fla. Stat. The elements of robbery with a deadly weapon are: (1) taking of money or other property; (2) with intent to either permanently or temporarily deprive; (3) in the course of the taking there is the use of force, violence, assault, or putting in fear; and (4) the offender carried a firearm or other deadly weapon. § 812.13(2), Fla. Stat. None of the elements listed for either of the two statutes for which Dallas was convicted requires discharge of the firearm. Discharge only comes into play in determining guilt of attempted murder or as a sentence enhancement. See Apprendi v. New Jersey, 530 U.S. 466, 471, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
Section 775.087(2)(a), Florida Statutes, known as "the 10-20-Life statute, provides for the enhancement of a crime where a firearm is possessed or used during the commission of certain enumerated crimes." Jackson v. State, 852 So.2d 941, 944 (Fla. 4th DCA 2003). The statute sets out multiple circumstances permitting enhancement. However, in order to enhance a sentence under that law, the grounds for enhancement must be charged in the information. Id. Proper language in the information is not enough, however. There are additional requirements in applying the statutory enhancement.
[B]efore a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for the use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.
State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984). See also Apprendi; State v. Hargrove, 694 So.2d 729, 730 (Fla.1997).
Section (1) of the 10-20-life statute mandates reclassification of felonies committed with a firearm to a higher degree where use of a firearm is not an essential element of the underlying felony. Section (2) applies to enumerated felonies regardless of whether the use of a weapon is an essential element. This section imposes mandatory minimums or increased sentences depending on whether the discharge results in great bodily harm.
Here, the acts of shooting and wounding the victim occurred after the wallet was put on the car seat and the victim started running. At that point in time, the attempted robbery was completed. The victim had given up his property in response to the display of the weapon, the blow to the face, and the forceful demands made on the victim. The subsequent weapon discharge constituted a wholly separate act.
We have considered, but find distinguishable, Coicou v. State, 867 So.2d 409 (Fla. 3d DCA 2003). There, the jury convicted the defendant of attempted felony murder, finding that Coicou used a firearm and that he committed a robbery. In reversing, the Third District concluded that the state had failed to prove attempted felony murder because the exact same acts *166 were essential to both the robbery charge and the attempted felony murder charge. Id. In Coicou, however, the force used in order to effect the robbery was the shooting. Therefore, the act was committed in the course of the taking.
In State v. Blanton, 821 So.2d 440 (Fla. 5th DCA 2002), the court reversed a trial court order dismissing a charge of attempted felony murder incident to a robbery. There, the defendant and an accomplice with a gun, engaged in a home invasion robbery in which the defendant hit one victim with a stick and the co-perpetrator shot another. The Fifth District recognized that the state was entitled to a dual conviction upon proof of an intentional element of the greater crime that was not an essential element of the robbery.
As we conclude that the evidence of shooting the victim was not an element of the attempted robbery, the judgment and sentence are affirmed.
HAZOURI, J., concurs.
TAYLOR, J., dissents with opinion.
TAYLOR, J., dissenting.
I respectfully dissent and disagree that Coicou v. State, 867 So.2d 409 (Fla. 3d DCA 2003), is distinguishable from this case. There, as here, the same act, i.e., the shooting of the victim, was used to prove both the attempted felony murder and the underlying robbery offense. This is not permissible for a conviction under section 782.051(1), Florida Statutes. See Thompson v. State, 814 So.2d 1103, 1105 (Fla. 4th DCA 2002). The offense of attempted felony murder requires that the jury find not only that the defendant attempted the robbery, but also that he committed an intentional act apart from one which was an essential element of the attempted robbery.
Robbery, as defined in section 812.13(1), Florida Statutes, is "the taking of money or other property ... with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." According to section 812.13(3)(b), "[a]n act shall be deemed `in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events." (Emphasis supplied). See Mahn v. State, 714 So.2d 391, 396 (Fla.1998) (interpreting section 812.13(3)(b), Florida Statutes).
In Coicou, the defendant shot the victim after the victim had voluntarily handed over his money to the defendant during a drug deal. The Third District first observed that under the robbery statute, the use of force can occur subsequent to the taking of property. The court then stated:
The use of force, the shooting, was itself an essential element of the underlying robbery and was not an independent act as required by section 782.051(1). It follows then that the robbery offense could not also be considered for the attempted felony murder charge. Without this additional proof of force, the State failed to prove the main charge against Coicou, the attempted felony murder charge.
867 So.2d at 412.
Similarly, in this case, the defendant shot the victim after the victim had removed his wallet and other valuables from his pockets and tried to run away. Thus, the shooting occurred "in the course of the taking" and was an element of the crime of robbery. Because the jury could have relied upon the act of shooting the victim as the "use of force" element in finding the *167 defendant guilty of attempted robbery, it should not have been allowed to consider the underlying robbery offense in deciding guilt on the attempted felony murder charge.
For the above reasons, I would reverse the defendant's conviction and sentence for attempted felony murder.