QUINCE, C.J.
This case is before the Court for review of the decision of the Third District Court of Appeal in Coicou v. State, 867 So.2d 409 (Fla. 3d DCA 2003). In its decision the district court certified a question to this Court to be of great public importance. We have revised the question as follows:
MAY AN APPELLATE COURT DIRECT THE ENTRY OF A CONVICTION FOR ATTEMPTED SECOND-DEGREE MURDER WHERE THE JURY’S VERDICT DOES NOT REFLECT A FINDING THAT THE DEFENDANT ACTED WITH A DEPRAVED MIND?
Coicou v. State, No. 3D03-271 (Fla. 3d DCA Mar. 10, 2004) (on motion to certify question of great public importance). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified question in the negative. Because the jury did not determine that the defendant acted with a depraved mind, a required element of attempted second-degree murder, we quash the decision under review and remand the case for proceedings consistent with this opinion.
*239 FACTS AND PROCEDURAL HISTORY
Coicou was charged with attempted first-degree felony murder for committing or attempting to commit a robbery against the victim and, as a separate act not an essential element of the robbery, shooting the victim in the chest. Coicou v. State, 867 So.2d 409, 410 (Fla. 3d DCA 2003).[1] Twice during the trial, defense counsel moved for a judgment of acquittal by arguing that there was no proof of the underlying felony, the robbery, and that the State did not prove the essential elements of attempted felony murder. The trial court denied both motions. Id. at 410-11. The jury convicted Coicou of attempted first-degree felony murder with a firearm. The jury specifically found that Coicou committed a robbery and used a firearm. Id. at 411. Defense counsel moved for a new trial, which the trial court denied. Id.
On appeal, Coicou argued that the trial court fundamentally erred by convicting him of attempted felony murder because the State used the same act, the shooting of the victim, to prove both the attempted felony murder and the underlying felony offense. Coicou, 867 So.2d at 411. Thus, Coicou argued that Florida law prohibits a court from convicting a person of attempted felony murder using proof of an' element essential to the underlying felony. Id. The Third District agreed and held that the trial court erred in denying Coi-cou’s motion for judgment of acquittal. Id. at 412.
Additionally, Coicou argued that his conviction and sentence must be reversed and that he should be discharged because the State failed to prove one of the elements of attempted felony murder under section 782.051(1), Florida Statutes (2001). Coicou, 867 So.2d at 412. The district court agreed that Coicou’s conviction and sentence for attempted felony murder should be reversed. However, the court did not agree that Coicou should be discharged. Id. The court held that under section 924.34, Florida Statutes (2001), Coicou’s conviction should be reduced to a permissive lesser-included offense, attempted second-degree murder. Id. In making this determination, the court relied on this Court’s holding in I.T. v. State, 694 So.2d 720 (Fla.1997), which held that section 924.34 refers to both category one necessarily lesser-included offenses and category two permissive lesser-included offenses. Coicou, 867 So.2d at 412. Additionally, the court reasoned that the evidence in the record supported a finding that Coicou acted in a manner that was imminently dangerous to the victim. Id. Thus, the evidence supported a conviction of the lesser-included offense of attempted second-degree murder. Id. (citing Mingo v. State, 680 So.2d 1079 (Fla. 3d DCA 1996); Hayes v. State, 564 So.2d 161, 163 (Fla. 2d DCA 1990)). The Third District remanded to the trial court with directions to enter a judgment of conviction for attempted second-degree murder. Id.
In response to Coicou’s motion for certification, the Third District certified to this Court the following question as one of great public importance:
WHETHER ATTEMPTED SECOND-DEGREE MURDER IS A LESSER INCLUDED OFFENSE OF ATTEMPTED FELONY MURDER?
Coicou v. State, No. 3D03-271 (Fla. 3d DCA Mar. 10, 2004). We accepted jurisdiction to answer the certified question.
*240 ANALYSIS
The question before this Court is whether the jury’s verdict of guilty on the charge of attempted first-degree felony murder provided an adequate basis for directing — pursuant to section 924.34 — the entry of a conviction for attempted second-degree murder. Because the certified question involves solely a legal determination based on undisputed facts, this Court’s review is de novo. See Williams v. State, 957 So.2d 595, 598 (Fla.2007).
In Amlotte v. State, 456 So.2d 448, 449 (Fla.1984), we found that attempted felony murder was a common law offense in Florida. However, some years later in State v. Gray, 654 So.2d 552, 552-53 (Fla.1995), we receded from our holding in Amlotte. We reasoned that the “legal fictions required to support the intent for felony murder [were] simply too great” to extend to attempted felony murder. Gray, 654 So.2d at 554. The Legislature in 1996, in response to our decision in Gray, enacted section 782.051, which created the offense of “Felony causing bodily injury.” See ch. 96-359, § 1, at 2052, Laws of Fla. In 1998, the Legislature substantially rewrote section 782.051 and retitled it “Attempted felony murder.” See ch. 98-204, § 12, at 1970, Laws of Fla.[2] Thus, attempted felony murder is specifically provided for by statute.
Florida Rule of Criminal Procedure 3.510, entitled “Determination of Attempts and Lesser Included Offenses,” provides the following:
On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
[[Image here]]
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
In Sanders v. State, 944 So.2d 203 (Fla.2006), we defined and explained the distinction between necessarily and permissive lesser-included offenses:
Lesser included offenses fall into two categories: necessary and permissive. Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense. State v. Paul, 934 So.2d 1167, 1176 (Fla.2006). A permissive lesser included offense exists when “the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.” State v. Weller, 590 So.2d 923, 925 n. 2 (Fla.1991).
Sanders, 944 So.2d at 206 (alterations in original).
In this case the Third District found that attempted second-degree murder is a permissive lesser-included offense of attempted felony murder. In determining whether attempted second-degree murder is a permissive lesser-included offense of attempted felony murder, “the pertinent inquiry is whether the greater crime may be charged in a manner encompassing the lesser.” Williams, 957 So.2d at 598.
The crime of attempted felony murder is codified in section 782.051, Flori *241 da Statutes (2001). Section 782.051(1) provides:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree....
The crime of attempted second-degree murder is codified in section 777.04(1), Florida Statutes (2001), defining attempt, and section 782.04(2), Florida Statutes (2001), defining second-degree murder. See State v. Florida, 894 So.2d 941, 945 (Fla.2005), overruled in part by Valdes v. State, 3 So.3d 1067 (Fla.2009). As we explained in Florida, attempted second-degree murder has two elements: “(1) the defendant intentionally committed an act that could have resulted, but did not result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life.” Id. at 945-46 (citing Brown v. State, 790 So.2d 389, 390 (Fla.2000); State v. Brady, 745 So.2d 954, 957 (Fla.1999)). “Use of a firearm is a third element that increases the penalty for the crime.” Id. at 946.
Attempted second-degree murder and attempted first-degree felony murder appear to be separate on the face of the statutes because each crime contains an element that the other does not. Attempted first-degree felony murder requires that the act be committed during the course of committing a felony. See § 782.051. Attempted second-degree murder requires that the perpetrator’s act be “imminently dangerous to another and evincing a depraved mind regardless of human life,” § 782.04(2). In order to find attempted second-degree .murder a permissive lesser included offense of attempted first-degree felony murder, the facts alleged in the accusatory pleadings must be such that the lesser-included offense cannot help but be perpetrated once the greater offense has been demonstrated. See Sanders, 944 So.2d at 206. Accordingly, because the facts alleged in an accusatory pleading will vary on a case-by-case basis, we conclude that a case-by-case determination is warranted when deciding whether attempted second-degree murder is a permissive lesser-included offense of attempted felony murder.
This Case
The trial court instructed the jury on attempted felony murder and instructed them that the shooting constituted a separate intentional act that was not an element of the charged robbery. Coicou, 867 So.2d at 411. The jury convicted Coicou of attempted felony murder with a firearm because it specifically found that Coicou committed a robbery and used a firearm. Id. In reversing Coicou’s conviction and sentence for attempted first-degree felony murder, the Third District acknowledged that the prosecution used the same act, the shooting of the victim, to prove both the attempted felony murder and the underlying robbery offense. Id. at 411-12. However, the district court determined that pursuant to section 924.34, Florida Statutes (2001), Coicou’s conviction should be reduced to the lesser-included offense of attempted second-degree murder. Id. at 412. The district court reasoned that the evidence contained in the record supported a conviction for attempted second-degree murder. Id. We disagree.
Section 924.34, Florida Statutes (2001), entitled “When evidence sustains only conviction of lesser offense,” provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was *242 found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged,-the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
In I.T., 694 So.2d at 724, we held that section 924.34 extends to, include both necessarily and permissive lesser-included offenses.[3] Further, “section 924.34 ... allow[s] an appellate court to direct a trial court to enter an adjudication or judgment for a permissive lesser-included offense where supported by the allegations in the charging document and, the proof at trial.” State v. Sigler, 967 So.2d 835, 842 (Fla.2007) (emphasis added) (citing I.T., 694 So.2d at 724). Moreover, we held in Sigler that section 924.34 permits an appellate court to direct a judgment for a lesser-included offense when the jury determines ah of the elements of the lesser offense. See 967 So.2d at 844.
The question presented here requires us to determine whether attempted second-degree murder is either a necessary or permissive lesser-included offense of attempted first-degree felony murder. This Court has not previously addressed this question, but has addressed whether second-degree murder is a lesser-included offense of first-degree felony murder. In Linehan v. State, 476 So.2d 1262 (Fla.1985), we addressed a certified question of “[wjhether a jury instruction on second degree (depraved mind) murder is necessary, if supported by the evidence, when defendant is charged with first degree (felony) murder.” Linehan, 476 So.2d at 1263. This Court held that second-degree murder was a necessarily lesser-included offense of first-degree premeditated and felony murder. Id. at 1263-64. This Court further suggested that the Florida Standard Jury Instructions schedule of lesser included offenses should be amended to include second-degree murder as a necessarily lesser-included offense of first-degree felony murder. Id. at 1265. The Court repeated this holding in Scurry v. State, 521 So.2d 1077, 1078 (Fla.1988), and again directed that the Standard Jury Instructions be amended. The recommended change was subsequently incorporated into the schedule of lesser-included offenses. See Standard Jury Instructions—Criminal Cases No. 92-1, 603 So.2d 1175 (Fla.1992).
In a dissent to Linehan, Justice Shaw expressed disagreement with the majority’s holding. Justice Shaw concluded that second-degree, depraved mind, murder is not a lesser-included offense of first-degree felony murder because it is the statutory elements that determine whether an offense is a lesser-included offense of another. See Linehan, 476 So.2d at 1266 (Shaw, J., dissenting). Justice Shaw reasoned that offenses are separate and not lesser-included if each offense contains an element that the other does not have. See id. Justice Shaw further noted that it is the Legislature, through its definition of statutory elements of offenses, that determines whether offenses are lesser included or separate. Therefore, standard jury’instructions and the rules of criminal procedure must give way to that legislative decision. See id. (citing § 775.021(4), Florida Statutes (1983)). Justice Shaw found that the majority of this Court and the district court below had departed from Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in looking to the evidence rather than to the statutory elements of first-degree felony murder and *243 second-degree depraved mind murder. See Linehan, 476 So.2d at 1266 (Shaw, J., dissenting).
As we explained in Sanders, “[n]ecessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense.” 944 So.2d at 206 (emphasis added). It follows, then, that attempted second-degree murder is not a necessarily lesser-included offense of attempted first-degree felony murder. This is because attempted second-degree murder contains an element, a depraved mind, that is not an element of the greater offense.
For the same reason, and for the reasons expressed in Justice Shaw’s dissent to Linehan, it is equally clear that second-degree murder cannot and should not be considered a necessarily lesser-included offense of first-degree felony murder. While not unmindful of the principle of stare decisis, this Court has in the past “departed from precedent to correct legally erroneous decisions when such departure is ‘necessary to vindicate other principles of law or to remedy continued injustice.’” Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1131 (Fla.2005) (citation omitted) (quoting Haag v. State, 591 So.2d 614, 618 (Fla.1992)). We therefore recede from Linehan and Scurry to the extent those decisions are inconsistent with this opinion, and direct the Committee on Standard Jury Instructions in Criminal Cases to consider a revision of the Florida Standard Jury Instructions.
In the instant case, we also find that attempted second-degree murder is not a permissive lesser-included offense, because , the allegations in the charging document and the proof at trial do not support a finding that Coicou acted with a depraved mind without regard for human life. See I.T., 694 So.2d at 724. The charging document for attempted felony murder simply alleged that Coicou intentionally committed an act that could have resulted, but did not result, in the death of someone. There was no allegation of an act that was “imminently dangerous” or that “demonstrated a depraved mind without regard for human life.” See Florida, 894 So.2d at 945-46.[4] Therefore, attempted felony murder was not charged in a manner encompassing a showing of a depraved mind, the required mental element of attempted second-degree murder. See Mitchell v. State, 830 So.2d 944, 948 (Fla. 5th DCA 2002) (Pleus, J., dissenting) (“Attempted second-degree murder requires a showing of recklessness, of a ‘depraved mind without regard for human life’; attemptéd felony murder does not.”). Moreover, there is no indication that the jury found the “depraved mind” element of attempted second-degree murder. Thus, the jury in this case did not find all of the elements of the lesser offense. See Sigler, 967 So.2d at 844.
Section 924.34 does not permit an appellate court-to' direct entry of a conviction for a crime where the jury has not determined all of the elements of that crime beyond a reasonable doubt. To do so would amount to a violation of the defendant’s Sixth *244 Amendment right to a trial by jury. See id. at 841, 844. Accordingly, pursuant to section 924.34, Florida Statutes (2001), it was improper for the Third District to remand to the trial court with directions to enter a judgment of conviction for attempted second-degree murder. The proper remedy is remand to the trial court for retrial on any lesser offenses contained in the charging instrument and instructed on at trial. See State v. Wilson, 680 So.2d 411, 412 (Fla.1996).
CONCLUSION
For the reasons set forth above, we hold that a case-by-case determination is warranted when deciding whether attempted second-degree murder is a permissive lesser-included offense of attempted first-degree felony murder. Additionally, we hold that section 924.34 did not apply to this case because the allegations in the charging document and the proof at trial did not support the element of a depraved mind without regard for human life, and the jury did not determine all of the elements of the lesser offense. Accordingly, we answer the certified question in the negative, quash the decision of the Third District, and remand for proceedings consistent with this opinion.
It is so ordered.
PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
PERRY, J., did not participate.

. The State also charged Coicou with aggravated battery, possession of a firearm by a convicted felon, and use of a weapon during the commission of a felony. These charges were dropped. See Coicou, 867 So.2d at 410 n. 1.

. The 1998 amendment also added the element of an intentional act that is not an essential element of the underlying felony. See § 782.051(1), Fla. Stat. (2001).

. There are no necessarily lesser included offenses for attempted first-degree felony murder listed in the Standard Jury Instructions for Criminal Cases.

. Under Florida’s standard jury instruction for attempted second-degree murder, "[a]n act is 'imminently dangerous to another and demonstrating a depraved mind' if: a person of ordinary judgment would know that it is reasonably certain to kill or do serious bodily injury to another; it is done from ill will, hatred, spite, or evil intent; and it is of such a nature that the act itself indicates an indifference to human life.” Battle, 911 So.2d at 92 (Quince, J., concurring in part and dissenting in part) (citing Fla. Std. Jury Instr. (Crim.) 6.4).