PER CURIAM.
 

 The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has filed a report in which it proposes an amended standard jury instruction and asks the Court to authorize the amended instruction for publication and use.
 
 [1]
 

 The Committee proposes that Instruction 7.8, Felony Murder — First Degree be amended by moving second-degree (depraved mind) murder in the table of lesser-included offenses from the Category One, necessarily lesser-included offense, box to the Category Two, permissive lesser-included offense, box. The proposed amendment is in response to our decision in
 
 Coicou v. State,
 
 39 So.3d 237 (Fla.2010).
 

 In
 
 Coicou,
 
 we explained that attempted second-degree murder is not a necessarily lesser-included offense of attempted first-degree felony murder and, therefore, we receded from
 
 Linehan v. State,
 
 476 So.2d 1262 (Fla.1985), and
 
 Scurry v. State,
 
 521 So.2d 1077 (Fla.1988), to the extent those decisions were inconsistent with our decision in
 
 Coicou.
 
 39 So.3d at 243. We held that “a case-by-case determination is warranted when deciding whether attempted second-degree murder is a permissive lesser-included offense of attempted first-degree felony murder.”
 
 Id.
 
 at 244. We also directed the Committee to consider a revision to the Standard Jury Instructions in Criminal Cases in light of our decision.
 
 Id.
 
 at 243.
 

 After considering the Committee’s report and proposal, we hereby authorize the publication and use of . the amended instruction as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instruction. We further caution all interested parties that any notes and comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to its correctness or applicability.
 
 [2]
 

 New language is indicated by underlining, and deleted language is struck-through. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 7.3 FELONYMURDER-FIRST DEGREE
 

 § 782.04(l)(a), Fla._Stat.
 

 To prove the crime of First Degree Felony Murder, the State must prove the
 

 
 *1018
 
 following three elements beyond a reasonable doubt:
 

 1. (Victim) is dead.
 

 Give 2a, 2b, or 2c as applicable.
 

 2. a. [The death occurred as a consequence of and while (defendant) was engaged in the commission of
 

 (crime alleged).]
 

 b. [The death occurred as a consequence of and while (defendant) was attempting to commit (crime alleged).]
 

 c. [The death occurred as a consequence of and while (defendant), or an accomplice, was escaping from the immediate scene of
 

 (crime alleged).]
 

 Give 3a if defendant actual perpetrator.
 

 3. a. [(Defendant) was the person who actually killed (victim).]
 

 Give 3b if defendant not actual perpetrator.
 

 b. [(Victim) was killed by a person other than (defendant); but both (defendant) and the person who killed (victim) were principals in the commission of (crime alleged).]
 

 In order to convict of First Degree Felony Murder, it is not necessary for the State to prove that the defendant had a premeditated design or intent to kill.
 

 1. Define the crime alleged. If Burglary, also define crime that was the object of burglary.
 

 2. If 2b above is given, also define “attempt” (see 5.1).
 

 3. If 3b is given, immediately give principal instruction (3.5(a)).
 

 j. Since the statute does not require its proof, it is not necessary to define “premeditation. ”
 

 Lesser Included Offenses
 

 [[Image here]]
 

 
 *1019
 
 Comment
 

 This instruction was adopted in 1981 and was amended in 1985, and 1992, and 2011.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 [2]
 

 . The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at
 
 www. floridasupremecourt.org/jury-instmctions/ instructions.shtml.
 
 We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.