GERBER, J.
The defendant appeals the circuit court’s denial of his motion to withdraw plea. The defendant argues that the court should have granted the motion based upon prior counsel’s misadvice that convictions for second-degree arson and arson resulting in injury to another did not violate the double jeopardy clause.[1] We agree with the defendant and reverse.
The state alleged that the defendant hired two men to set fire to his restaurant so he could collect money from his insurance company. The men suffered permanent disfigurement when they set the fire. The state charged the defendant with second-degree arson under section 806.01(2), Florida Statutes (2006), which provides:
Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or herself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree ....
The state also charged the defendant with arson resulting in injury to another under section 806.031(2), Florida Statutes (2006), which provides:
A person who perpetrates any arson that results in great bodily harm, permanent disability, or permanent disfigurement to a firefighter or any other person, regardless of intent or lack of intent to cause such harm, is guilty of a felony of the second degree....
The state also charged the defendant with two other offenses not relevant to this opinion.
The defendant entered an open plea to all four offenses. During the plea colloquy, neither the defendant’s counsel nor *888 the court discussed double jeopardy. The court sentenced the defendant to thirty months in prison running concurrently on each offense to be followed by five years of probation. A violation of probation could subject the defendant to fifteen years in prison on each offense with credit for any time served.
After sentencing, the defendant filed a motion to withdraw his plea. According to the motion, the defendant’s new counsel advised him that convictions for both arson and arson resulting in injury to another violate double jeopardy. The defendant argued that if he had known the convictions violated double jeopardy, he would not have pled guilty.
The court held an evidentiary hearing on the motion. The defendant’s prior counsel testified that they researched whether convictions for both arson and arson resulting in injury to another violate double jeopardy. They could not find any case on that issue. However, they concluded that convictions on both offenses would not violate double jeopardy pursuant to section 806.081(3), Florida Statutes (2006), which provides:
Upon conviction and adjudication of guilt [for arson resulting in injury to another], a person may be sentenced separately, pursuant to s. 775.021(4), for any [arson resulting in injury to another] and for any arson committed during the same criminal episode....
The defendant’s prior counsel testified that they discussed that conclusion with the defendant before he pled guilty to the offenses.
The circuit court denied the motion to withdraw plea. The defendant then filed this appeal. We review the circuit court’s denial of the motion to withdraw plea for an abuse of discretion. Thompson v. State, 50 So.3d 1208, 1210 (Fla. 4th DCA 2010) (citation omitted).
We conclude that the circuit court erred in denying the defendant’s motion to withdraw plea. As our supreme court stated in Novaton v. State, 634 So.2d 607 (Fla.1994):
The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence. There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
Id. at 609 (citation omitted).
Here, the defendant has shown all three elements to satisfy the exception. First, although the terms of the sentence originated from plea negotiations, the ultimate plea was a general open plea as distinguished from a plea bargain. Second, a double jeopardy violation is apparent from the record. Section 775.021(4), Florida Statutes (2006) provides:
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
[[Image here]]
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Second-degree arson is a lesser offense of arson resulting in injury to another because the statutory elements of second-degree arson as provided in section 806.01(2) are subsumed by the greater offense of arson resulting in injury to anoth *889 er as provided in section 806.031(2). It is irrelevant that both offenses are second-degree felonies which carry the same penalties. See Haliburton v. State, 7 So.3d 601, 604 (Fla. 4th DCA 2009) (“ ‘[L]esser included offenses are determined based on the elements of the offenses, not on the penalties attached.’ ”) (citation omitted). Thus, convictions for both offenses violate double jeopardy.
Third, there is nothing in the record to indicate a waiver of the double jeopardy violation. Instead, the record indicates that prior counsel was ineffective in advising the defendant that convictions for both offenses do not violate double jeopardy. See Keller v. State, 846 So.2d 631, 633 (Fla. 4th DCA 2003) (trial court erred in summarily denying defendant’s motion for postconviction relief where defendant claimed that his counsel was ineffective for failing to advise him that his convictions violated double jeopardy).
Because the defendant has shown all three elements to satisfy the Novaton exception, he has proven that his plea was involuntary and that a manifest injustice has occurred. See Nelfrard v. State, 34 So.3d 221, 222 (Fla. 4th DCA 2010) (“Where a defendant seeks to withdraw a plea after sentencing, the defendant must prove that a manifest injustice has occurred .... Examples of situations where withdrawal is necessary to correct a manifest injustice include cases where the defendant proves that he received ineffective assistance of counsel or where the defendant’s plea was involuntary.”). Manifest injustice also exists here based on the possible sentences if the defendant violates his probation.
Because all four offenses were considered together as part of the plea and sentence, we reverse and remand for the circuit court to vacate the defendant’s conviction and sentence on all four offenses and permit the defendant to withdraw his plea as to all-four offenses. The state then may resume its.prosecution of the defendant as to all four offenses.

Reversed and remanded.

[2]

STEVENSON and TAYLOR, JJ., concur.

. See Amend. V, U.S. Const. ("No person shall be ... subject for the same offence to be twice put in jeopardy of life or limb....”); Art. I, § 9, Fla. Const. ("No person shall be ... twice put in jeopardy for the same offense. ... ”).

. We conclude that the other arguments which the defendant raises in this appeal in support of his motion to withdraw plea are without merit, although those arguments now are moot because of our reasoning addressed above.