RAMIREZ, J.
Javor Williams appeals from an order summarily denying his pro se motion for postconviction relief. Because the information filed against the defendant and the facts proffered to support the information used the same act for both attempted felony murder and the underlying attempted armed robbery, we reverse.
The defendant and two co-defendants followed the victim home where they blocked the victim’s car in the driveway. The defendant then approached the victim, held a firearm to her face, and demanded that she surrender her bag. The victim had nothing in her hands and did not understand what the defendant wanted. When the victim tried to fight back, the defendant shot her in the abdomen.
The defendant was charged with one count of attempted felony murder, one count of attempted armed robbery, and one count of conspiracy to commit armed robbery. The defendant entered a guilty plea to the court on all charges. The prosecutor provided the factual basis as stated. above, to which defense counsel stipulated based on his depositions and investigation. After a hearing, the trial court sentenced the defendant to fifty-year imprisonment with a twenty-five year mandatory minimum followed by ten years probation on the attempted felony murder count, and concurrent fifteen-year prison sentences on the other two counts. This Court affirmed the defendant’s convictions and sentences on direct appeal. Williams v. State, 36 So.3d 109 (Fla. Bd DCA 2009).
Thereafter, the defendant filed the instant postconviction relief motion under Florida Rule of Criminal Procedure 3.850, alleging inter alia ineffective assistance of counsel for failure to challenge the dual charges. The trial court denied the motion, and the defendant appealed. This Court issued a rule to show cause to the State asking whether this case should be reversed on the authority of Coicou v. State, 867 So.2d 409 (Fla. 3d DCA 2003), where we held that the State may not use the same act to prove both an attempted felony murder and the underlying felony of robbery.
We are not convinced by the State’s attempt to distinguish Coicou. First, the State argues that this case is different because the defendant here pled guilty to the charged offenses. It is well settled, however, that a charging instrument which fails to charge a crime can be challenged “at any time-before trial, after trial, on appeal or by habeas corpus.” State v. Gray, 435 So.2d 816, 818 (Fla.1983). Also, unbargained-for pleas do not waive double jeopardy violations. See Novaton v. State, 634 So.2d 607 (Fla.1994). Thus, the plea does not bar the defendant’s claim that his counsel was ineffective for failure to challenge the double charges arising from the same act.
Next, the State argues that the shooting in this case was not an essential element of the attempted robbery charge because the attempted robbery was complete when the defendant pointed the gun at the victim. In support of this argument, the State cites to Dallas v. State, 898 So.2d 163 (Fla. 4th DCA 2005). Unlike the situation here, Dallas chased and shot the victim after the latter fled from the car where the attempted robbery occurred. As a result, the court properly found that a wholly separate act supported the attempted felony murder charge. *908 Here, the robbery was ongoing when the defendant shot the victim, and there was no wholly separate act. See Barron v. State, 990 So.2d 1098, 1106 (Fla. 3d DCA 2007) (“As the attempted murder of [the ■victim] occurred while he was attempting to resist during the commission of the attempted robbery, ... the shooting did not constitute an independent criminal act.”).
Finally, the State contends that the defendant suffered no prejudice from his counsel’s failure, if any, because the State could simply have amended the information to correct any defect. This argument is unpersuasive. The facts presented below cannot support both a charge of attempted felony murder and attempted armed robbery, and no amendment of the information can correct this defect.
Accordingly, we reverse the trial court’s order denying the defendant’s motion for postconviction relief, and remand for the defendant to be given an opportunity to prove that he was prejudiced by his counsel ineffectiveness.
Reversed and remanded.