# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-189
Lower Tribunal No. 04-11283-B

_____

**Javor Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and WELLS, SUAREZ, ROTHENBERG, LAGOA, SALTER, EMAS, FERNANDEZ, LOGUE, and SCALES, JJ.

En Banc (Court's Own Motion)

PER CURIAM.

Javor Williams appeals a circuit court order vacating his open plea and all of his convictions and sentences under a three-count information originally filed in 2004. Williams maintains that the trial court was required to vacate only the plea of guilt, judgment, and sentence on count 1 of the three original counts, based on a claim of ineffective assistance of counsel, and that the trial court erred when, instead, it vacated the plea as to all three counts.

We have jurisdiction to consider this appeal. See Taylor v. State, 140 So. 3d 526 (Fla. 2014). We recede from this Court's earlier opinion in Williams v. State, 83 So. 3d 906 (Williams II) (Fla. 3d DCA 2012), and our analysis in that opinion regarding the prejudice alleged to have resulted from the claimed ineffectiveness of Williams' counsel.

The Criminal Incidents

The State's proffer at the time of Williams' plea, the stipulation by Williams during his colloquy, and the victim's testimony at a deposition and at the sentencing hearing established the operative facts. In April 2004, Williams and his two co-defendants followed the victim's car in their own vehicle as the victim drove from her grandfather's store to her home. When the victim entered her driveway, the defendants blocked her car with their own car.

Williams and one of the co-defendants got out of their car, and Williams

placed a firearm next to the victim's face. Williams repeatedly demanded that she surrender her bag, but the victim did not have the bag in her hand and did not understand what was being demanded. The victim attempted to push back, and Williams then intentionally shot the victim in her abdomen.

The Charges, Plea, and Post-Conviction Procedural History

Williams and the two co-defendants were charged by information in 2004 with attempted felony murder, attempted armed robbery, and conspiracy to commit armed robbery. The attempted felony murder charge, count 1, later became the focus of the post-conviction pleadings. In pertinent part, count 1 alleged:

> [Co-defendants and Williams, on or about the crime date, in Miami-Dade County, Florida] did unlawfully and feloniously perpetrate or attempt to perpetrate a felony, to wit: robbery, and did commit, aid or abet an intentional act that is not an essential element of the felony and that could, but does not cause the death of another, to wit: [the victim], by POINTING A FIREARM AT [the victim], and during the course of the commission of the offense, said defendant discharged a firearm or destructive device and as a result of the discharge, death or great bodily harm was inflicted upon [the victim], a human being in violation of 782.051(1) and 775.087 & 777.011, Florida Statutes . . . .

Attempted armed robbery was alleged to be the underlying felony for the attempted felony murder charge. Williams entered an open plea to all three counts in 2008 and was sentenced to: 50 years, with a minimum mandatory term of 25 years, followed by ten years of probation, on the attempted felony murder charge (count 1); and fifteen years each, to be served concurrently with the sentence on

3

count 1 and each other, on the attempted armed robbery and conspiracy to commit armed robbery charges (counts 2 and 3). As noted previously, Williams' counsel stipulated to a factual basis for the plea based on his discovery and investigation in the case. Additionally, at the time of the sentencing the State proffered expert testimony that Williams' firearm was purposefully discharged, based on the injuries to her abdomen and her internal organs.

Williams' plea and sentence were affirmed on direct appeal. Williams v. State, 36 So. 3d 109 (Williams I) (Fla. 3d DCA 2009). In 2010, Williams filed a pro se post-conviction motion under Florida Rule of Criminal Procedure 3.850 alleging, among other things, ineffective assistance of counsel for allowing him to plead guilty to an illegal information. Williams asserted that the intentional act relied upon for the attempted felony murder charge in count 1 (i.e., that Williams pointed a firearm at the victim), was the same act alleged in (and an essential element of) the attempted armed robbery in count 2.

Williams' pro se motion was denied by the trial court, but on appeal (in Williams II), this Court reversed and remanded. We concluded that Williams' claim of ineffectiveness was well taken "[b]ecause the information filed against [Williams] and the facts proffered to support the information used the same act for both attempted felony murder and the underlying attempted armed robbery." Williams II, 83 So. 3d at 907; see also § 782.051(1), Fla. Stat. (2004) (Attempted

4

felony murder statute provides that "[a]ny person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life . . . ."); Battle v. State, 837 So. 2d 1063 (Fla. 2d DCA 2003), approved, 911 So. 2d 85 (Fla. 2005) (holding that the offense of attempted felony murder requires proof of an intentional act that is not an essential element of the underlying felony).

The analysis in Williams II did not clearly differentiate between the two perceived problems in the original information against Williams: (1) count 1, attempted felony murder, was arguably deficient because it failed to allege an intentional criminal act that was not an essential element of the attempted armed robbery charge (count 2),[1] and (2) the information arguably violated double jeopardy on its face in charging counts 1 and 2.[2] The analysis concluded:

_____

[1] Our analysis on this issue in Williams II cited Coicou v. State, 867 So. 2d 409 (Fla. 3d DCA 2003). Coicou was quashed and remanded on other grounds in Coicou v. State, 39 So. 3d 237 (Fla. 2010).

[2] Our opinion in Williams II addressed double jeopardy only tangentially: "Also, unbargained-for pleas do not waive double jeopardy violations. See Novaton v. State, 634 So. 2d 607 (Fla. 1994)." Williams II, 83 So. 3d at 907. On remand, and in this appeal, Williams has not argued a double jeopardy claim. Instead, he has argued that the information is fatally defective as to count 1 because it does not allege, and the State could not prove, an intentional act that is not an essential element of the robbery. Williams has asked the trial court and this Court to

5

Finally, the State contends that [Williams] suffered no prejudice from his counsel's failure, if any, because the State could simply have amended the information to correct any defect. This argument is unpersuasive. The facts presented below cannot support both a charge of attempted felony murder and attempted armed robbery, and no amendment of the information can correct this defect.

Williams, 83 So. 3d at 908.

We then remanded for a determination of whether, and the extent to which, Williams was prejudiced by his counsel's ineffectiveness. Id. We appointed the public defender for the proceedings on remand.

On remand, the trial court determined:

Based therefore on the evidence presented and the argument of counsel, this Court finds that [Williams] was prejudiced by his counsel's ineffectiveness. The Court further finds on the authority of Abbate v. State, 82 So. 3d 886 (Fla. 4th DCA 2011), that the proper remedy here is to vacate the judgment and sentence on all counts. The prosecutor may resume its prosecution of the Defendant on any charges deemed appropriate and legal.

Williams' original pro se post-conviction motion did not specify that the relief sought was limited to the vacation of the judgment and sentence on count 1 alone, nor did he specifically request that the plea, judgments and sentences on counts 2 and 3 remain in force. In the present appeal, however, and throughout the 2012 evidentiary hearing in the trial court on remand following Williams II, Williams' appointed counsel has maintained that the open plea, judgments, and

uphold, and not to alter, his plea, conviction, and sentences for counts 2 and 3.

6

sentences should not have been vacated on all three counts, and that only the judgment and sentence on count 1 should have been vacated.

Following oral argument in the present appeal, and on our own motion, we are addressing the post-conviction issues in Williams' case en banc.

Analysis

This is an unusual case with an unusual post-conviction history. Williams' plea was open to the court on all three of the charges in the original information. He was colloquied in detail regarding the charges, the State's proffered proof, and his legal representation. The victim testified in a deposition and again at the sentencing hearing, providing a detailed account of the crimes committed by Williams and his co-defendants.

Although the information failed to allege an intentional act in count 1 that is not an essential element of the robbery, at best this made the information defective and subject to a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), or a demand for a bill of particulars under Rule 3.140(n). Had Williams' counsel taken such steps, however, the State could have amended the information[3] or supplied the particulars to support sufficient charges. Count 1, which gratuitously alleged that Williams pointed a firearm at the victim,[4] could

_____

[3] Rule 3.140(j) permits the amendment of an information at any time prior to trial to correct formal defects.

7

have been deleted or could have been replaced by an allegation that he intentionally shot the victim with a firearm.[5] Either of these measures would have been sufficient to state a valid charge supported by the victim's testimony and the State's proffered evidence at the plea colloquy, which included an expert's opinion that the discharge of the firearm was intentional and not accidental.

The gratuitous allegation in count 1 that Williams pointed a firearm at the victim does not vitiate the legally sufficient allegations in that count of attempted felony murder under section 782.051(1), Florida Statutes (2004):

> **Attempted felony murder.—**
> (1)  Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree . . . .

The attempted armed robbery charged in count 2 is a felony enumerated in section 782.04(3), and the later act of shooting the victim in the abdomen is an intentional act separate and distinct from that of pointing the firearm at the victim's head and demanding that she hand over her bag. State v. Blanton, 821 So. 2d 440

---

[4]  Although the allegation of "pointing a firearm at [the victim]," was an essential element of the attempted robbery charge (count 2), the State was not required, in charging attempted felony murder, to allege the specific intentional act that was not an essential element of the attempted robbery. See infra at 9.

[5]  Count 1 alleges that Williams "discharged a firearm or destructive device and as a result of the discharge, death or great bodily harm was inflicted on [the victim]," but it does not allege that Williams intentionally shot the victim with the firearm.

(Fla. 5th DCA 2002). This allegation satisfies the "not an essential element of the felony" requirement of the attempted felony murder statute quoted above.

The sufficiency of count 1 is also demonstrated by the standard jury instruction regarding attempted felony murder. The three requisite elements of the crime are detailed in Florida Standard Jury Instruction (Criminal) 6.3, as approved by the Supreme Court of Florida in 2007:[6]

> To prove the crime of Attempted Felony Murder, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. (Defendant) [committed] [attempted to commit] a (crime alleged).
>
> 2. While engaged in the [commission] [attempted commission] . . . of (crime alleged), the defendant [committed] [aided or abetted] an intentional act that is not an essential element of (crime alleged).
>
> 3. This intentional act could have but did not cause the death of (victim).

Williams was on notice that the State intended to prove that he shot the victim, as that is alleged in the same count 1 and was also elicited from the victim at her deposition and at the sentencing hearing. This record conclusively refutes the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).

At the sentencing hearing, the State also proffered a basis upon which it could have proven attempted felony murder, including expert testimony that

---

[6] Battle v. State, 911 So. 2d 85 (Fla. 2005).

9

Williams shot his firearm intentionally and not accidentally. Williams and his counsel stipulated that the proffer, if proven, provided a factual basis for the plea, and the trial court then found the proffered factual basis sufficient to establish the crime of attempted felony murder.

Finally, the burden of establishing fundamental error in a defective information cannot be met in Williams' case, because the information did not "wholly fail to state a crime." Count 1 of the information not only tracked the statutory language (though including the unnecessary phrase, "by pointing a firearm at the [victim]"), it also cited the specific statute placing Williams on notice of the nature and elements of the charge of attempted felony murder. See Duarte v. State, 59 So. 3d 313, 315 (Fla. 3d DCA 2011); Lawshea v. State, 99 So. 3d 603, 606 (Fla. 2d DCA 2012); Figueroa v. State, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012).

Conclusion

We recede from our conclusion in Williams II that "no amendment of the information can correct this defect," and from our remand to provide Williams "an opportunity to prove that he was prejudiced by his counsel's ineffectiveness." We vacate the trial court order finding prejudice and vacating Williams' plea on all three counts. Even if trial counsel's failure to challenge the attempted felony murder count could be deemed deficient performance under the Strickland

standard, Williams cannot establish the requisite prejudice. Under the facts and procedural posture of the case, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 695. Indeed, had trial counsel properly and timely challenged the improperly-pled attempted felony murder count (the failure of which Williams claims constitutes trial counsel's deficient performance), it is clear that the outcome would have been the same—an open plea to an amended charge of attempted felony murder that alleged Williams' intentional act of shooting the victim, an allegation that is not an essential element of the attempted robbery and is fully supported by the record.

We thus affirm the denial of Williams' original motion for post-conviction relief.