IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ADAM ODOM,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3540

_____/

Opinion filed June 28, 2016.

An appeal from the Circuit Court for Okaloosa County.
Michael Flowers, Judge.

Glenn M. Swiatek, Shalimar, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel Steinberg, Assistant Attorney
General, for Appellee.

PER CURIAM.

In this postconviction appeal, appellant claims that the trial court committed

reversible error in (1) denying appellant's motion for a competency evaluation after

the evidentiary hearing; and (2) denying appellant's requests to amend his

postconviction motion by adding a double jeopardy claim. We affirm as to

appellant's first claim without discussion. However, because the state properly

concedes error as to appellant's second claim, we reverse and remand for further proceedings.

Appellant entered a negotiated plea of nolo contendere to driving while license suspended or revoked (DWLSR) resulting in death (count one), a third-degree felony punishable by up to five years in prison, and vehicular homicide (count two), a second-degree felony punishable by up to fifteen years in prison, conditioned on a sentencing cap of fifteen years in prison. Pursuant to the plea, appellant was adjudicated guilty of both offenses and sentenced to concurrent terms of five years in prison on count one and ten years in prison on count two. Appellant subsequently filed a motion for postconviction relief seeking to withdraw his plea due to the ineffective assistance of counsel. Before the trial court ruled on the motion, appellant twice requested to amend his postconviction motion by adding a double jeopardy claim challenging his dual convictions for vehicular homicide and DWLSR resulting in death. The trial court denied these requests and then denied appellant's motion for postconviction relief. This appeal followed.

In moving to amend his postconviction motion, appellant correctly asserted that dual convictions for vehicular homicide and DWLSR resulting in death violate double jeopardy where there is a single death. Hunt v. State, 769 So. 2d 1109, 1111 (Fla. 2d DCA 2000); Pierce v. State, 718 So. 2d 806, 810 (Fla. 4th DCA 1997). Although appellant entered a nolo contendere plea, entry of a plea does not constitute

2

a waiver of double jeopardy where (1) the plea is a general plea as opposed to a plea bargain; (2) the double jeopardy violation is apparent from the face of the record; and (3) there is nothing in the record to indicate a waiver of the double jeopardy violation. Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994). Although appellant entered a bargained-for plea conditioned on a sentencing cap of fifteen years, appellant received no actual "bargain" because he could not be lawfully sentenced to more than fifteen years even if he had entered an open plea. We conclude that appellant raised a facially sufficient claim that he was entitled to withdraw his plea based on a violation of double jeopardy where (1) the plea was effectively a general open plea; (2) the double jeopardy violation is apparent on the face of the record; and (3) there is no indication of a waiver in the record. See Abbate v. State, 82 So. 3d 886 (Fla. 4th DCA 2011). The state correctly concedes that the trial court should have allowed appellant to amend his postconviction motion to raise this timely double jeopardy claim. Accordingly, we reverse and remand with directions that the trial court consider appellant's double jeopardy claim on the merits. See Kline v. State, 858 So. 2d 1257 (Fla. 1st DCA 2003) (holding that where a defendant files a motion requesting leave to amend a postconviction motion before the trial court rules and before the limitations period expires, the trial court must allow the amendment prior to ruling on the motion).

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

3

ROWE, KELSEY, and JAY, JJ., CONCUR.