# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2154
Lower Tribunal No. F22-1467
_____

**Israel Perez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Johnston v. State, 863 So. 2d 271, 283 (Fla. 2003) ("[A] appellate court will not reverse a conviction that is supported by competent, substantial evidence. There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." (internal citation omitted)); Coicou v. State, 39 So. 3d 237, 241 (Fla. 2010) (stating that the elements of attempted second-degree murder are: "(1) the defendant intentionally committed an act that could have resulted, but did not result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life") (citation omitted); Wiley v. State, 60 So. 3d 588, 591 (Fla. 4th DCA 2011) ("[A]n act is imminently dangerous to another and evinces a 'depraved mind' if it is an act or series of acts that: (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another; and (2) is done from ill will, hatred, spite or an evil intent; and (3) is of such a nature that the act itself indicates an indifference to human life."); Giraldo v. State, 387 So. 3d 1242, 1244 (Fla. 3d DCA 2024) (finding that the State offered competent substantial evidence that viewed, in the light most favorable to the State, a reasonable jury could find that the elements of second-degree murder were established beyond a reasonable

2

doubt); <u>Moradi v. State</u>, 2025 WL 63631, *8 (Fla. 6th DCA Jan. 10, 2025) (appellate court found that defendant cutting the victim eight times and defendant's behavior after he cut the victim – hiding and not contacting police to report what happened or report the victim's injury - undermined defendant's self-defense theory).