UPCHURCH, Chief Judge.
Appellant was convicted and sentenced to incarceration for attempted first degree felony murder and burglary with an assault, and placed on probation for attempted armed robbery, shooting within a building, and use of a firearm during the commission of a felony, to run consecutive to the incarceration. All of these charges arose from a single criminal episode. Appellant and a co-felon went to a motel room which unfortunately for their plans was occupied by a deputy sheriff and his wife who were there on stakeout because of the *973 rash of robberies which had occurred at this motel. The deputy was seated in the room with the light on. Appellant and his accomplice approached the room, the accomplice slid open the door and without saying anything fired directly at the deputy, fortunately missing. The deputy fired back striking the gunman who fell at the scene.
Appellant contends he has received multiple punishments for the same substantive offense in violation of the constitutional proscription against double jeopardy. We disagree and affirm the judgment, sentences, and order of probation.
First, appellant concedes that under Florida law a person may be convicted of attempted felony murder. See Amlotte v. State, 456 So.2d 448 (Fla.1984). He also concedes that he may be convicted of the underlying felony, here, attempted armed robbery. See State v. Enmund, 476 So.2d 165 (Fla.1985). It is clear the two firearm offenses, shooting within a building and use of a firearm during the commission of a felony, are not necessarily lesser included offenses of felony murder, robbery or burglary. See State v. Baker, 456 So.2d 419 (Fla.1984); State v. Gibson, 452 So.2d 553 (Fla.1984); Hall v. State, 470 So.2d 796 (Fla. 4th DCA 1985). Because the entry into the room was not a necessary element of any of the preceding crimes, the burglary conviction also does not violate double jeopardy under a strict Blockburger analysis. See generally Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987); § 775.021(4), Fla.Stat. (1985).
Appellant also contends that the trial court erred in calculating his guideline sentence. We find no merit in his argument; however, there is a clerical error. The written judgment classified both the attempted felony murder and burglary with assault offenses as first degree felonies when, in fact, they are life felonies. On the basis of the court’s pronouncements and appellant’s sentence, this classification can only be a clerical error. We remand to the trial court to correct the error by reclassifying the two offenses as life felonies as provided in section 775.087, Florida Statutes (1985).
Affirmed, but remanded to correct clerical error.
ORFINGER and SHARP, JJ., concur.