857 So.2d 978 (2003)
Richard Dalton TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2181.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
Carey Haughwout, Public Defender, and Tara A. Finnigan, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marrett W. Hanna, Assistant *979 Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant was convicted of attempted first degree murder and attempted felony murder of Wilfredo Martinez and his nephew, Martin Martinez. He was sentenced to four consecutive life terms, with a twenty-five year mandatory sentence on each count. We reverse only appellant's dual convictions for attempted premeditated murder and attempted felony murder because they constitute double jeopardy violations.
On the night of the incident that led to these charges, Wilfredo and Martin Martinez were fishing at Rivergate Park in Port St. Lucie. While fishing, they noticed appellant, a stranger to them, in the area. The Martinezes became apprehensive because appellant looked angry. They decided to leave. As they gathered their equipment, appellant walked past them. When appellant walked behind Martin, he started shooting. He shot Martin in the back, paralyzing both of his legs. Martin heard another pop and felt a strong sting on his upper right shoulder. Appellant held the gun on Martin and tried to reload it. After putting another round in the chamber, he shot at Martin again, this time aiming for his face. Martin turned away, and the bullet hit his arm and ricocheted down to his leg.
Wilfredo looked back and saw the shooting. He grabbed a bucket to protect his head. Appellant then started shooting at Wilfredo. He tried to get around the bucket, aiming for Wilfredo's head. He also attempted to shoot Wilfredo in the side. As he continued to fire the gun, appellant shot Wilfredo in the arm, hand, and stomach. After the shootings, appellant looked from side to side, ran to his van, and left. The victims managed to get to a hospital for emergency treatment. After interviewing the victims, the police made a composite sketch of the suspect and eventually conducted a photo line up. The bullets retrieved from the victims' bodies and the shell casings were traced to a gun found in appellant's possession.
Appellant was charged by information with two counts of attempted first degree murder (Counts I and II) and two counts of attempted felony murder of Martin and Wilfredo Martinez (Counts III and IV).[1] The information tracked the language of attempted felony murder under section 782.051(1), Florida Statutes (2000). Attempted felony murder under this subsection is defined as follows:
Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree ... (emphasis added).
In this case, the attempted premeditated first degree murder charges serve as the sole underlying felonies for the attempted felony murder charges. No act distinguishes the attempted premeditated murder from the attempted felony murder; the attempted murder is the predicate felony and the same act on the same victim. In other words, there is no intentional act that is not an essential element of the attempted premeditated murder as is required by section 782.051(1). Hence, appellant's dual convictions for attempted premeditated murder and attempted felony murder constitute double jeopardy. See Gordon v. State, 780 So.2d 17, 25 (Fla.2001) (recognizing the principle that *980 dual convictions for attempted premeditated murder and attempted felony murder are impermissible) and Mitchell v. State, 830 So.2d 944 (Fla. 5th DCA 2002) (holding that double jeopardy barred dual convictions for attempted second degree murder and attempted felony murder arising from the same criminal act; both crimes fell within core offense of homicide and addressed punishment for acts that could inflict death).
We affirm appellant's convictions and sentences on Counts I and II for the crimes of attempted first degree murder, but vacate the convictions and sentences on Counts III and IV for attempted felony murder.
AFFIRMED in part; REVERSED in part.
FARMER, C.J., and GUNTHER, J., concur.
NOTES
[1] At trial, appellant relied on the insanity defense.