ALTENBERND, Judge.
 

 Antwan Brinson appeals his judgments and sentences for first-degree murder, attempted second-degree murder, aggravated fleeing and eluding, and attempted first-degree murder. We affirm the judgments and sentences but -write to explain why Mr. Brinson’s offense of attempted second-degree murder properly served as a predicate offense for first-degree felony murder.
 

 Mr. Brinson and his codefendant, Deon-tae Thomas, were tried together on the charge of first-degree murder under both premeditated and felony murder theories and on charges of attempted second-degree murder, aggravated fleeing and eluding, and attempted first-degree murder. The charges were based in part on a series of drive-by shootings directed at associates of Bernard Johnson. Mr. Thomas believed Bernard Johnson had offered a reward for his murder in retaliation for Mr. Thomas’ theft of $95,000 in cash from Mr. Johnson. Throughout these events, Mr. Brinson served as the driver for Mr. Thomas and two other men, who were tried separately.
 
 See Gilley v. State,
 
 996 So.2d 936 (Fla. 2d DCA 2008);
 
 Thomas v. State,
 
 956 So.2d 1193 (Fla. 2d DCA 2007) (table).
 

 The evidence at trial showed that during the last of these shootings, Mr. Brinson, Mr. Thomas, and the two other men were sitting in a Chevrolet Impala at 1 a.m. on April 25, 2003, on Seventh Street South in St. Petersburg, Florida. Mr. Brinson sat in the driver’s seat as the other men spoke to someone in a van that had pulled up
 
 *1077
 
 next to them. While the men were talking, they noticed a red Pontiac Sunfire approach from the opposite direction. The red Pontiac came to a stop because the van and the Impala were blocking the street. Mr. Thomas and the other men resumed talking to the people in the van.
 

 Several minutes passed before the person driving the blocked Pontiac, Louis Smith, decided to drive over the curb and around the Impala. Mr. Smith was unaware that the men in the Impala were armed with two assault rifles, a shotgun, and a Glock 9-mm. handgun. Mr. Thomas, meanwhile, feared that whoever was in this other car might be an associate of Bernard Johnson. As Mr. Smith pulled alongside the Impala, Mr. Thomas and the other men opened fire with their weapons. Mr. Smith sped away and was not injured. As the men shot at Mr. Smith’s car, one of them saw a woman walking on the sidewalk fall to the ground. This woman was Cynthia Bethune, carrying home a loaf of bread. A stray bullet from one of the rifles struck her in the head, killing her instantly.
 

 For these actions, the State charged Mr. Brinson, Mr. Thomas, and one of the other men in the vehicle with the attempted first-degree murder of Louis Smith. The State also charged the men under premeditated and felony murder theories with the first-degree murder of Cynthia Bethune. At trial, the State argued that the intent to kill Louis Smith was transferred to Ms. Bethune or that, alternatively, Ms. Bethune’s death resulted during the commission of a felony, the attempted murder of Mr. Smith. A jury found Mr. Brinson guilty of first-degree murder of Ms. Bethune on a general verdict form and of the lesser-included offense of attempted second-degree murder of Louis Smith.
 

 On appeal, Mr. Brinson contends that the attempted second-degree murder of Louis Smith cannot serve as a predicate felony for the charge of felony murder.
 
 [1]
 
 In support of this argument, Mr. Brinson relies on cases holding that dual convictions for attempted felony murder and either attempted first- or second-degree murder constitute a double jeopardy violation.
 
 See, e.g., Tucker v. State,
 
 857 So.2d 978, 979-80 (Fla. 4th DCA 2003) (holding convictions for attempted premeditated murder and attempted felony murder constituted double jeopardy);
 
 Coicou v. State,
 
 867 So.2d 409 (Fla. 3d DCA 2003) (reversing dual convictions where single act of shooting at the victim served as both the attempted murder and an element of the underlying felony),
 
 review granted,
 
 984 So.2d 518 (Fla.2008). As explained below, we distinguish these cases and find that Florida law supports the multiple convictions that arose from Mr. Brinson’s single episode of criminal conduct.
 

 In Florida, the felony murder rule and the law of principals “combine to make a felon liable for the acts of his co-felons.”
 
 Bryant v. State,
 
 412 So.2d 347, 350 (Fla.1982). First, section 782.04(l)(a), Florida Statutes (2002), codifies the common law doctrine of felony murder, and subsection (l)(a)(2) provides that first-degree murder includes the killing of a human being “[wjhen committed by a person engaged in the perpetration of, or in the attempt to perpetrate” certain enumerated felonies. Included as a qualifying felony is the “[mjurder of another human being.” § 782.04(l)(a)(2)(o). Additionally, section 777.011, Florida Statutes (2002), provides that “[wjhoever ... aids, abets, counsels, hires, or otherwise procures [any criminal] offense to be committed ... is a principal
 
 *1078
 
 ... and may be charged, convicted, and punished as such.” These two statutes thus make a felon and his or her co-felon equally responsible for a murder that occurs during their jointly-committed felony.
 

 While recognizing the operation of the felony murder rule, Mr. Brinson asserts that his convictions for both felony murder and the underlying felony constitute double jeopardy where the convictions arose from a single criminal episode. In
 
 State v. Smith,
 
 547 So.2d 613, 616 (Fla.1989), the Florida Supreme Court recognized the legislature’s intent to impose multiple punishments for separate offenses even if the offenses are based on only one act. The court relied on section 775.021(4)(b), Florida Statutes (1991), which provides that Florida’s legislature intends to punish each offense committed during one criminal episode, unless the offenses require identical elements of proof, are degrees of the same offense, or if the elements of the lesser offense are subsumed within the greater offense.
 
 Id.
 
 at 615-16. Applying section 775.021(4)(b), double jeopardy is not implicated if the criminal offenses for which the defendant was charged contain statutory elements that the others do not and the charged offenses are not mere degree variants of the same core offense.
 
 See Donaldson v. State,
 
 722 So.2d 177, 183 (Fla.1998). Thus, a felony murder and the predicate felony may occur during a single criminal episode, as happened in this case.
 
 See, e.g., George v. State,
 
 509 So.2d 972 (Fla. 5th DCA 1987).
 

 Here, the State charged Mr. Brin-son with attempted first-degree murder as to one victim, Louis Smith. This offense served as the predicate felony for charging Mr. Brinson with the first-degree felony murder of Cynthia Bethune. We acknowledge that both charges stemmed from the same act of firing at Mr. Smith’s car and arose from a single criminal episode. However, the convictions at issue here do not violate the protection against double jeopardy because they do not doubly punish Mr. Brinson for a single homicide.
 

 To prove the offense of felony murder, the State in this case was required to show that Ms. Bethune was dead and that her death occurred as a consequence of a felony, i.e., the attempt to murder Louis Smith.
 
 See
 
 §§ 777.04(1), 782.04(2). To prove the offense of attempted second-degree murder, the State was required to prove that Mr. Brinson, personally or as a principal, intentionally committed an act that was intended to kill Louis Smith, and that this act was imminently dangerous to another and demonstrated a depraved mind without regard for human life.
 
 See
 
 § 782.04(l)(a)(2).
 

 As charged, the statutory elements of the two offenses with which the State charged Mr. Brinson do not overlap. The offense of felony murder contains an element — Ms. Bethune’s death — that the offense of attempted second-degree murder does not. Additionally, the attempted second-degree murder of Mr. Smith is not merely a degree variant of the felony murder of Ms. Bethune where the offenses involved two different victims. Thus, the two offenses, under the facts of this case, are distinguishable by more than mere degree. That Mr. Brinson was convicted and sentenced for both offenses is consistent with the legislative purpose expressed in sections 775.021(4) and 782.04(l)(a)(2).
 

 Mr. Brinson’s reliance on
 
 Tucker,
 
 857 So.2d at 979-80, and
 
 Coicou v. State,
 
 867 So.2d at 412, is unavailing. In
 
 Tucker,
 
 the defendant’s act of shooting at two people was an essential element of attempted premeditated murder and could not also support attempted felony murder convictions without violating double jeopardy principles. 857 So.2d at 979-80. Similarly, in
 
 Coicou,
 
 the defendant’s act of shooting at the victim was an essential element of the
 
 *1079
 
 underlying felony of robbery and could not also support a charge of attempted felony murder. 867 So.2d at 412. Both
 
 Coicou
 
 and
 
 Tucker
 
 involved the attempted felony murder statute, section 782.051, Florida Statutes (2002), which requires the occurrence of an act that is not an essential element of the underlying felony. Additionally, both
 
 Coicou
 
 and
 
 Tucker
 
 involved multiple offenses that were alleged to have been committed on a single victim and are therefore distinguishable.
 

 In sum, we find no error in the application of the felony murder rule under the facts presented in this case.
 
 [2]
 

 Affirmed.
 

 FULMER and KELLY, JJ., Concur.
 

 [1]
 

 . Because we conclude the evidence was sufficient to support first-degree felony murder, we need not determine whether the evidence supported a conviction under the alternative theory of premeditation.
 
 See Crain v. State,
 
 894 So.2d 59, 73 (Fla.2005).
 

 [2]
 

 . We acknowledge our recent decision in
 
 Gilley v. State,
 
 996 So.2d 936 (Fla. 2d DCA 2008), which reversed on other grounds James Gilley's convictions for these crimes and remanded his case for a new trial. Mr. Gilley was tried separately, and the issues providing relief to him are not present in this appeal.