ON MOTION FOR REHEARING
RAMIREZ, C.J.
This case is before us on the defendant, Ahmad Milton’s, motion for rehearing. We deny the motion for rehearing, but withdraw our opinion dated September 8, 2010, and substitute the attached opinion in its place.
Ahmad Milton appeals the trial court’s conviction of attempted felony murder. Because there was sufficient evidence offered at trial and no double jeopardy violation, the trial court did not fundamentally err, and we affirm.
The State charged Milton with second-degree murder, attempted felony murder with a predicate felony of attempted second-degree murder, and shooting at a dwelling. Before jury selection, Milton moved to dismiss counts two, three, and four regarding attempted felony murder with a predicate felony of attempted second-degree murder based on the argument that the information did not track the language of the attempted felony murder statute. The trial court denied the motion. After the State’s final amendments to the information, Milton renewed the objection, arguing that there was no independent essential element as the attempted felony murder statute requires. The trial court denied the motion.
The jury acquitted Milton of second-degree murder but found him guilty as charged on the remaining counts. Milton was sentenced as a habitual violent felony offender to three concurrent life sentences with a twenty-year minimum mandatory for counts two, three, and four, and a concurrent sentence of thirty years for count five. At the sentencing hearing, Milton argued that the convictions of attempted felony murder and shooting into a dwelling violate the rules against double jeopardy. The trial court denied all motions. Milton now appeals.
We affirm the trial court’s decision because the convictions were in compliance with sections 777.04(1) and 782.04(2), Florida Statutes (2006), which state that attempted felony murder has two elements: “(1) the defendant intentionally committed an act that would have resulted, but did not result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life.”
Milton relies on Coicou v. State, 867 So.2d 409 (Fla. 3d DCA 2003), quashed on other grounds, 39 So.3d 237 (Fla.2010), in support of his position. However, in Coi-cou, multiple offenses were alleged to have been committed on a single victim. In the case before us, we know that there were multiple victims involved. Similarly, in Tucker v. State, 857 So.2d 978 (Fla. 4th DCA 2003), the Fourth District Court of Appeal held that double jeopardy was violated because the charges were directed at the same victim. Id. at 979. This is not the case here, as the facts indicated there were multiple victims, and Milton was not shooting specifically at one person.
The State directs our attention to Brinson v. State, 18 So.3d 1075 (Fla. 2d DCA 2009), which we agree is applicable here. In Brinson, the defendant was charged with first-degree murder and a predicate felony of attempted first-degree murder *275 and attempted second-degree murder. Id. at 1076. The Second District Court of Appeal stated that the defendant’s convictions for attempted second-degree murder and felony murder did not violate protection against double jeopardy because the convictions did not doubly punish the defendant for a single homicide. Id. at 1078.
Accordingly, we affirm.