# Supreme Court of Florida

_____

No. SC11-1338
_____

**AHMAD R. MILTON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[November 20, 2014]

PARIENTE, J.

This case involves the crime of attempted felony murder, which requires the defendant to commit an "intentional act that is not an essential element of the underlying felony." § 782.051(1), Fla. Stat. (2006). Specifically, we consider whether the act of discharging a firearm can satisfy the "intentional act" element of attempted felony murder when the underlying felony is attempted murder and the same individuals are the victims of both crimes. We conclude that because the defendant's act of discharging a firearm constitutes an essential element of the underlying felony of attempted murder, this act of discharging a firearm cannot

also constitute the "intentional act that is not an essential element of the underlying felony," as is required to establish attempted felony murder.  Id.

In Milton v. State, 126 So. 3d 273, 274 (Fla. 3d DCA 2011), the Third District Court of Appeal affirmed the defendant's three convictions for attempted felony murder, which were each predicated upon the underlying felony of attempted second-degree murder, even though as to each separate count, the defendant's sole act was the discharge of a firearm at a group of individuals who were the victims of both the attempted felony murder and the underlying felony of attempted second-degree murder.  Conversely, in Tucker v. State, 857 So. 2d 978, 979-80 (Fla. 4th DCA 2003), the Fourth District Court of Appeal vacated a defendant's convictions for attempted felony murder, which were predicated upon attempted premeditated murder of those same victims, concluding that the defendant's discharge of a firearm did not satisfy the "intentional act" element of attempted felony murder because "[n]o act distinguishe[d] the attempted premeditated murder from the attempted felony murder."  We accepted jurisdiction to resolve the conflict.  See art. V, § 3(b)(3), Fla. Const.

We quash the Third District's decision in Milton and approve the Fourth District's decision in Tucker, to the extent it is consistent with our analysis.  While the act of discharging a firearm may be able to support attempted second-degree murder, which is a second-degree felony, the discharge of a firearm at the same

individuals cannot support attempted felony murder, which is a first-degree felony.[1]  Accordingly, we vacate the defendant's convictions for attempted felony murder and, after reviewing the jury instructions given by the trial court, we also determine that the instructions were fundamentally erroneous.  We therefore remand this case for a new trial on the underlying felony of attempted second-degree murder.

## FACTS

In April 2006, the defendant, Ahmad Milton, discharged multiple gunshots at a crowd of people who were standing in front of a house.  As a result of this shooting, Milton was charged with one count of second-degree murder, three counts of attempted felony murder that were each predicated upon attempted second-degree murder, and one count of shooting into a dwelling.  For each count of attempted felony murder, the State charged and the jury was instructed that the same individuals constituted the victims of both the attempted felony murder and the underlying felony of attempted second-degree murder.  The State asserted that

---

1.  Because the State charged attempted felony murder, instead of the underlying felony of attempted second-degree murder, the defendant was charged with a first-degree felony as opposed to a second-degree felony.  Attempted felony murder carries with it much more serious penalties.  See § 782.051(1), Fla. Stat. (stating that any defendant found guilty of attempted felony murder "commits a felony of the first degree"); § 777.04(4)(c), Fla. Stat. (2006) (stating that if an "offense attempted . . . [is] a felony of the first degree . . . the offense of criminal attempt . . . is a felony of the second degree"); § 782.04(2), Fla. Stat. (2006) (providing that second-degree murder is a first-degree felony).

the intentional act that could have resulted in the victims' deaths, but that was not an essential element of the underlying attempted second-degree murders, was Milton's act of discharging a firearm.

Ultimately, the jury acquitted Milton of second-degree murder in count one, but convicted him of each of the attempted felony murder charges in counts two, three, and four, as well as the separate charge of shooting into a dwelling. Milton was sentenced to three concurrent life sentences with twenty year mandatory-minimum terms of imprisonment for each of the attempted felony murder convictions and a concurrent sentence of thirty years' imprisonment for shooting into a dwelling.

On appeal, the Third District affirmed Milton's attempted felony murder convictions, as well as Milton's conviction for shooting into a dwelling. Milton, 126 So. 3d at 274-75. In affirming Milton's convictions for attempted felony murder, the Third District determined that discharging a firearm at the group of individuals in front of the house satisfied the requisite "intentional act" element of attempted felony murder. Id.

The Fourth District reached the opposite conclusion on the same "intentional act" issue in Tucker, 857 So. 2d at 979. Although Tucker involved attempted premeditated murder and not attempted second-degree murder as the underlying felony, both cases involved defendants who were convicted of attempted felony

- 4 -

murder with attempted murder as the predicate felony based on having fired multiple bullets at multiple victims during a single episode.

The defendant in <u>Tucker</u> was convicted of two counts of attempted first-degree murder and two counts of attempted felony murder, which were each predicated upon the attempted first-degree murder charges. <u>Id.</u> In contrast to the Third District's decision in <u>Milton</u>, where the defendant was also charged with attempted felony murder with a predicate felony of attempted murder, the Fourth District in <u>Tucker</u> vacated the defendant's convictions for attempted felony murder, concluding that "[n]o act distinguishes the attempted premeditated murder from the attempted felony murder; the attempted murder is the predicate felony and the same act on the same victim." <u>Id.</u> In other words, "there is no intentional act that is not an essential element of the attempted premeditated murder as is required by section 782.051(1)." <u>Id.</u> We granted review of <u>Milton</u> to address this conflict.

In addition to the conflict issue before the Court, Milton raises three other issues on appeal: (1) the trial court's jury instructions were fundamentally erroneous; (2) the final amended information was defective; and (3) his convictions for shooting into a dwelling and attempted felony murder violate double jeopardy. We conclude that Milton is entitled to relief on the conflict issue, address the jury

- 5 -

instructions claim to determine the appropriate remedy, and decline to address his two other claims because they are moot in light of our analysis.

## ANALYSIS

The conflict issue in this case is whether in proving attempted felony murder, which is predicated upon the underlying felony of attempted murder and where the same individuals constitute the victims of both the attempted felony murder and the underlying felony of attempted murder, discharging a firearm at those same victims satisfies the statutory element of attempted felony murder that requires the State to prove beyond a reasonable doubt that the defendant committed an "intentional act that is not an essential element of the underlying felony." § 782.051(1), Fla. Stat. In addressing this question, we first review the crime of attempted felony murder under Florida law. Then, we turn to the conflict issue, concluding that under these factual circumstances, discharge of a firearm cannot satisfy the "intentional act" element of attempted felony murder in the absence of an intentional act that is not an essential element of the underlying felony that distinguishes the attempted felony murder from the underlying felony. Finally, in order to determine the appropriate remedy, we address Milton's claim that the trial court's jury instructions were fundamentally erroneous.

### I. The "Intentional Act" Element of Attempted Felony Murder

Prior to its codification in the Florida Statutes, this Court concluded that attempted felony murder was a common law offense under Florida law. See Amlotte v. State, 456 So. 2d 448, 449 (Fla. 1984). However, in State v. Gray, 654 So. 2d 552, 552-53 (Fla. 1995), we receded from our holding in Amlotte. This Court reasoned that the "legal fictions required to support the intent for felony murder [were] simply too great" to extend to attempted felony murder. Id. at 554. "The Legislature in 1996, in response to our decision in Gray, enacted section 782.051, which created the offense of 'Felony causing bodily injury.' See ch. 96-359, § 1, at 2052, Laws of Fla." Coicou v. State, 39 So. 3d 237, 240 (Fla. 2010).

In 1998, however, the Legislature substantially rewrote section 782.051 and retitled it "Attempted felony murder." See ch. 98-204, § 12, at 1970, Laws of Fla. In this amendment, in order to avoid the problems set forth in Gray, the Legislature added an additional element to the crime—that the defendant commit an "intentional act that is not an essential element of the felony and that could, but does not, cause the death of another." Id. Thus, at the time the crimes occurred in this case, section 782.051(1) provided as follows:

> Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 9 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.

§ 782.051(1), Fla. Stat. (2006).

Section 782.04(3) then enumerated the felonies upon which attempted felony murder could be predicated. These included offenses, when "committed by a person engaged in the perpetration of, or in the attempt to perpetrate," felonies such as robbery, burglary, kidnapping, and carjacking that are more readily distinguishable from the charged attempted felony murder and for which the "intentional act" element may be more easily satisfied than when murder constitutes the underlying felony. § 782.04(3), Fla. Stat. (2006).

However, the Legislature also included, as a potential underlying felony, "[m]urder of another human being." § 782.04(3)(o), Fla. Stat. Therefore, based on this statutory scheme, a defendant may be convicted of attempted felony murder based upon the predicate felony of attempted murder as long as, in committing the underlying attempted murder, the defendant commits an intentional act that could have resulted in the victim's death but that was not an essential element of the underlying attempted murder. See § 782.051(1), Fla. Stat.

Relying on this statutory scheme, the State in this case charged Milton with three counts of attempted felony murder, with attempted second-degree murder as the underlying felony in accordance with section 782.04(3)(o). As this Court has previously stated, attempted second-degree murder has two elements: "(1) the defendant intentionally committed an act that could have resulted, but did not

result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life." Coicou, 39 So. 3d at 241 (quoting State v. Florida, 894 So. 2d 941, 945-46 (Fla. 2005)).

Milton contends that because discharge of a firearm was an essential element of attempted second-degree murder, in that it was the only act capable of satisfying the element of attempted second-degree murder requiring that the defendant "intentionally commit[] an act that could have resulted, but did not result, in the death of someone," id., this same act cannot also constitute the "intentional act" necessary to support a conviction for attempted felony murder under section 782.051(1). The State counters that because Milton fired multiple gun shots, only the first shot fired was an essential element of the predicate attempted second-degree murders and any subsequent shots were not essential to the commission of the underlying felony. The State reasons that after Milton fired the initial gunshot, the attempted second-degree murder was completed and any subsequent shots were independent of that felony.

In its decision below, the Third District affirmed Milton's convictions for attempted felony murder based upon Milton's "intentional act" of discharging a firearm. However, a review of the Third District's decision illustrates two fundamental flaws in the Third District's analysis. First, in discussing and

affirming Milton's attempted felony murder convictions, the Third District cited to the incorrect statutes. Attempted felony murder is governed by section 782.051(1), Florida Statutes. However, although naming attempted felony murder as the pertinent crime, the Third District erroneously cited to sections 777.04(1) and 782.04(2), Florida Statutes (2006), which govern attempted second-degree murder—a crime that was the underlying felony but with which Milton was not charged. See Milton, 126 So. 3d at 274. This error may have led the Third District to the erroneous conclusion it reached below.

Second, in affirming Milton's attempted felony murder convictions, the Third District erroneously relied on double jeopardy jurisprudence. That analysis was inapposite, though, because double jeopardy concerns are not implicated in this case, as Milton was not charged with both attempted felony murder and the underlying felony of attempted second-degree murder. Specifically, the Third District relied on Brinson v. State, 18 So. 3d 1075, 1077 (Fla. 2d DCA 2009), which involved the crime of felony murder rather than attempted felony murder. In Brinson, the defendant and his associates fired multiple gunshots at one victim, but struck and killed a different victim. Id. Based on this shooting, Brinson was convicted of first-degree murder of one victim and attempted second-degree murder of another. Id.

On appeal, Brinson argued that the attempted second-degree murder of one victim could not serve as the predicate felony for the charge of felony murder of the other victim because his dual convictions for those crimes violated the prohibition against double jeopardy. Id. The Second District Court of Appeal denied Brinson's claim, explaining that his dual convictions did not violate double jeopardy because the dual convictions did "not doubly punish Mr. Brinson for a single homicide." Id. at 1078.

Because Brinson did not involve the crime of attempted felony murder, which requires an element not found in felony murder—the occurrence of an "intentional act" that is not an essential element of the underlying felony—and because Brinson turned on inapplicable double jeopardy considerations, it is not relevant to this case. Thus, the Third District's reliance on Brinson in affirming Milton's attempted felony murder convictions was erroneous.

We agree, instead, with the Fourth District's rationale in Tucker, in which the Fourth District vacated a defendant's convictions for attempted felony murder that were predicated on the underlying felony of attempted murder. See Tucker, 857 So. 2d at 979. The Fourth District reasoned that where a defendant is charged with attempted felony murder, which is predicated on the underlying felony of attempted murder, and the defendant undertakes only one act—discharging a firearm—"[n]o act distinguishes the attempted [murder] from the attempted felony

- 11 -

murder." Id. Although the State attempts to differentiate between each shot discharged by Milton and asserts that only Milton's first shot was essential in satisfying the underlying felony of attempted second-degree murder, we reject this argument.

We hold that Milton's single act of discharging a firearm did not satisfy the "intentional act" element of attempted felony murder, as it was an essential element of the underlying attempted second-degree murder. Therefore, because the State cannot satisfy each element of the attempted felony murder statute, Milton's attempted felony murder convictions must be vacated.

## II. Jury Instructions Relating to Attempted Felony Murder

Milton also argues that the jury instructions given by the trial court on attempted felony murder were fundamentally erroneous. In light of our conclusion that his convictions for attempted felony murder must be vacated, we address this issue to determine whether this case should be remanded with instructions to enter judgment on the underlying felony of attempted second-degree murder or whether Milton is entitled to a new trial. Cf. Coicou, 39 So. 3d at 244 (concluding that a case-by-case analysis is warranted when determining if attempted second-degree murder is a lesser-included offense of attempted felony murder permitting the appellate court to direct entry of a judgment for attempted second-degree murder, or whether a new trial is warranted).

After reviewing the jury instructions given by the trial court on each of Milton's attempted felony murder charges, we conclude that, although Milton did not object to the instructions, these instructions were fundamentally erroneous because they did not accurately recite the elements necessary to find that Milton committed the underlying felony of attempted second-degree murder. Instead, the trial court added an additional element to the standard jury instruction on attempted felony murder and, rather than instructing the jury on the underlying felony of <u>attempted</u> second-degree murder, actually instructed the jury on the underlying felony of second-degree murder.

"This Court has long held that defendants have a fundamental right 'to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.' " <u>Battle v. State</u>, 911 So. 2d 85, 88 (Fla. 2005) (quoting <u>State v. Delva</u>, 575 So. 2d 643, 644 (Fla. 1991)). This Court has also "explained that for jury instructions to constitute fundamental error, the error must 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.' " <u>Garzon v. State</u>, 980 So. 2d 1038, 1042 (Fla. 2008) (quoting <u>Delva</u>, 575 So. 2d at 644-45). "Fundamental error only occurs when 'the omission is pertinent or material to what the jury must consider in order to convict.' " <u>Battle</u>, 911 So. 2d at 89 (quoting <u>Delva</u>, 575 So. 2d at 645).

As to attempted felony murder, the trial court erroneously added a fourth element to that instruction, which should have been the first element of the instruction on the underlying felony of attempted second-degree murder. Thus, each of the attempted felony murder instructions for counts two, three, and four were identical and read in pertinent part as follows:

ATTEMPTED FELONY MURDER

To prove the crime of attempted felony murder by Ahmad Milton, as charged in Count [2, 3, and 4] of the Information, the State must prove the following four elements beyond a reasonable doubt:

1. Ahmad Milton committed or attempted to commit a second degree murder of [the victim].

2. While engaged in the commission or attempted commission of a second degree murder, the defendant committed, aided or abetted an intentional act that is not an essential element of the second degree murder.

3. This intentional act of shooting a firearm could have but did not cause the death of [the victim].

4. The act would have resulted in the death of [the victim] except that someone prevented Ahmad Milton from killing [the victim] or he failed to do so.

(Emphasis added.)

Then, instead of instructing on attempted second-degree murder as the underlying felony, the trial court instructed the jury on the elements of second-degree murder. With only the definition of second-degree murder and without any instruction informing the jury as to the distinguishing features between an attempted second-degree murder and second-degree

- 14 -

murder, the jury was left to its own devices as to what constitutes attempted second-degree murder. See Robles v. State, 188 So. 2d 789, 793 (Fla. 1966).

As a result of these instructions, although each of Milton's attempted felony murder charges was predicated on the underlying felony of attempted second-degree murder, each instruction included the definition of second-degree murder, rather than attempted second-degree murder, as the underlying felony. Further, by adding one of the elements of attempted second-degree murder to the attempted felony murder instruction, the jury was never clearly instructed on either attempted felony murder or attempted second-degree murder, and the instructions were unclear as to the requisite "intentional act" element of attempted felony murder.

Since attempted second-degree murder constituted the underlying felony upon which each of Milton's attempted felony murder charges were predicated, clearly these erroneous instructions were "pertinent or material to what the jury must consider in order to convict." Battle, 911 So. 2d at 89 (quoting Delva, 575 So. 2d at 645). Therefore, we conclude that the jury instructions were fundamentally erroneous. Milton is entitled to a new trial where the jury can be correctly instructed on attempted second-degree murder.[2]

---

[2]. Because we conclude that Milton is entitled to relief on his claim regarding the "intentional act" element of the attempted felony murder statute and his claim challenging the trial court's jury instructions, and we vacate Milton's

## CONCLUSION

For all these reasons, we quash the Third District's decision in <u>Milton</u>; approve the Fourth District's decision in <u>Tucker</u> to the extent it is consistent with our analysis; vacate Milton's convictions for attempted felony murder in counts two, three, and four; and remand this case for a new trial on attempted second-degree murder.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Because I conclude that there is no basis for this Court to exercise jurisdiction, I would discharge this case. I therefore dissent.

Contrary to the view adopted by the majority, the decision of the Third District Court in <u>Milton v. State</u>, 126 So. 3d 273 (Fla. 3d DCA 2011), does not expressly and directly conflict with <u>Tucker v. State</u>, 857 So. 2d 978 (Fla. 4th DCA 2003). While both <u>Milton</u> and <u>Tucker</u> involve appeals by defendants who were charged with attempted felony murder with a predicate felony of attempted

---

convictions for attempted felony murder accordingly, we do not address Milton's other two claims, which also involve his attempted felony murder convictions that we have vacated.

- 16 -

murder, <u>Milton</u> and <u>Tucker</u> are factually distinguishable.  <u>See</u> <u>Milton</u>, 126 So. 3d at 274; <u>Tucker</u>, 857 So. 2d at 979.

In <u>Tucker</u>, the defendant was convicted of two counts of attempted first-degree murder and two counts of attempted felony murder as a result of shooting two victims.  857 So. 2d at 979.  The Fourth District "reverse[d] only appellant's dual convictions for attempted premeditated murder and attempted felony murder because they constitute double jeopardy violations."  <u>Id.</u>  The Fourth District concluded that "the attempted premeditated first degree murder charges serve as the sole underlying felonies for the attempted felony murder charges.  No act distinguishes the attempted premeditated murder from the attempted felony murder; <u>the attempted murder is the predicate felony and the same act on the same victim</u>."  857 So. 2d at 979 (emphasis added).  As a result, the Fourth District affirmed the defendant's convictions and sentences for attempted first-degree murder and vacated the defendant's convictions and sentences for attempted felony murder.  <u>Id.</u> at 980.

In <u>Milton</u>, the Third District explicitly distinguished <u>Tucker</u> and explained that "the Fourth District Court of Appeal held that double jeopardy was violated because the charges were directed at the same victim.  This is not the case here, as <u>the facts indicated that there were multiple victims</u>, and Milton was not shooting specifically at one person."  <u>Milton</u>, 126 So. 3d at 274 (emphasis added) (internal

- 17 -

citation omitted). As a result, the Third District affirmed Milton's convictions and sentences. Id.

In Tucker, the issue was whether a double jeopardy violation occurred where the defendant was convicted of both attempted first-degree murder and attempted felony murder with regard to each of the two victims. See 857 So. 2d at 979. Milton involved an entirely different fact pattern in which the issue was whether double jeopardy was violated by a single conviction for shooting into a dwelling and three convictions of attempted felony murder. See 126 So. 3d at 274. The factor that resulted in reversal in Tucker—convictions for both attempted premeditated murder and attempted felony murder with respect to the same victim—is not present in Milton.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

   Third District - Case No. 3D09-122

   (Miami-Dade County)

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, Florida,

   for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Richard L. Polin, Bureau Chief and Linda S. Katz, Assistant Attorney General, Miami, Florida,

   for Respondent