CANADY, J.,
dissenting.
Because I conclude that there is no basis for this Court to exercise jurisdiction, I would discharge this case. I therefore dissent.
Contrary to the view adopted by the majority, the decision of the Third District Court in Milton v. State, 126 So.3d 273 (Fla. 3d DCA 2011), does not expressly and directly conflict with Tucker v. State, 857 So.2d 978 (Fla. 4th DCA 2003). While both Milton and Tucker involve appeals by defendants who were charged with attempted felony murder with a predicate felony of attempted murder, Milton and Tucker are factually distinguishable. See Milton, 126 So.3d at 274; Tucker, 857 So.2d at 979.
In Tucker, the defendant was convicted of two counts of attempted first-degree murder and two counts of attempted felony murder as a result of shooting two victims. 857 So.2d at 979. The Fourth District “reverse[d] only appellant’s dual convictions for attempted premeditated murder and attempted felony murder because they constitute double jeopardy violations.” Id. The Fourth District concluded that “the attempted premeditated first degree murder charges serve as the sole underlying felonies for the attempted felony murder charges. No act distinguishes the attempted premeditated murder from the attempted felony murder; the attempted murder is the predicate felony and the same act on the same victim.” 857 So.2d at 979 (emphasis added). As a result, the Fourth District affirmed the defendant’s convictions and sentences for attempted first-degree murder and vacated the defendant’s convictions and sentences for attempted felony murder. Id. at 980.
In Milton, the Third District explicitly distinguished Tucker and explained that “the Fourth District Court of Appeal held that double jeopardy was violated because the charges were directed at the same victim. This is not the case here, as the facts indicated that there were multiple victims, and Milton was not shooting specifically at one person.” Milton, 126 So.3d at 274 (emphasis added) (internal citation omitted). As a result, the Third District affirmed Milton’s convictions and sentences. Id.
In Tucker, the issue was whether a double jeopardy violation occurred where the defendant was convicted of both attempted first-degree murder and attempted felony murder with regard to each of the two victims. See 857 So.2d at 979. Milton *1253 involved an entirely different fact pattern in which the issue was whether double jeopardy was violated by a single conviction for shooting into a dwelling and three convictions of attempted felony murder. See 126 So.3d at 274. The factor that resulted in reversal in Tucker — convictions for both attempted premeditated murder and attempted felony murder with respect to the same victim — is not present in Milton.
POLSTON, J., concurs.