# Third District Court of Appeal

## State of Florida

Opinion filed September 05, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2019
Lower Tribunal No. 14-20024 B
_____

**Patrick Sullivan,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

ROTHENBERG, C.J.

Patrick Sullivan ("the defendant") appeals his dual convictions for attempted felony murder and armed robbery and his sentence to life in prison after he entered an open plea to the trial court. The defendant contends that the State improperly relied on the same intentional act, the fact that the defendant shot the victim, in order to convict him for armed robbery and attempted felony murder. We disagree.

Although the defendant alleges that his double jeopardy rights were violated by his conviction for both offenses, the substance of his arguments on appeal, along with the cases cited to in his initial brief, relate primarily to the "intentional act" requirement found in the text of the attempted felony murder statute. See § 782.051(1), Fla. Stat. (2014) (stating that, to be guilty of attempted felony murder, the defendant must commit, aid, or abet "an intentional act that is not an essential element of the [underlying] felony").

We note, however, that there is no double jeopardy violation in this case because the armed robbery statute and the attempted felony murder statute each contains an element not found in the other. See § 812.13, Fla. Stat. (2014) (stating that robbery "means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear"); § 782.051(1) ("Any person who perpetrates or

2

attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree . . . ."); Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009) (stating that "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments"); Gordon v. State, 780 So. 2d 17, 20 (Fla. 2001) ("[A]bsent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger[1] 'same-elements' test . . . is the sole method of determining whether multiple punishments are double-jeopardy violations.") (quoting Gaber v. State, 684 So. 2d 189, 192 (Fla. 1996)) (receded from on other grounds by Valdes v. State, 3 So. 3d 1067 (Fla. 2009)). Indeed, a defendant may even be convicted for both attempted felony murder and the underlying felony. George v. State, 509 So. 2d 972, 973 (Fla. 5th DCA 1987) (stating that "under Florida law a person may be convicted of attempted felony murder . . . [and] the underlying felony, here, attempted armed robbery"); see also Holt v. State, 146 So. 3d 1223, 1224 (Fla. 3d DCA 2014) (stating that "governing law 'does not prohibit a defendant from being separately convicted and sentenced

---

[1] Blockburger v. United States, 284 U.S. 299 (1932).

for felony murder and the qualifying felony'") (quoting <u>Lukehart v. State</u>, 776 So. 2d 906, 922 (Fla. 2000)).

We next turn to the defendant's argument that the same intentional act, the shooting of the victim, was relied upon by the State in order to establish both armed robbery and attempted felony murder. <u>See, e.g.</u>, <u>Milton v. State</u>, 161 So. 3d 1245, 1250 (Fla. 2014) (holding that "[the defendant's] single act of discharging a firearm did not satisfy the 'intentional act' element of attempted felony murder, as it was an essential element of the underlying attempted second-degree murder"). In the instant case, the defendant's argument lacks merit because the State did not predicate its attempted felony murder charge solely on the fact that the defendant shot the victim in the course of a robbery. In order to prove attempted felony murder, the State alleged both robbery and attempted robbery as the underlying felony. <u>See</u> <u>Newbhard v. State</u>, 237 So. 3d 1075, 1078 (Fla. 3d DCA 2017) (stating that "in order to prove attempted felony-murder, the State was not required to establish that Newbhard *successfully* completed the underlying robbery; rather, the attempted felony-murder offense could be established by proof that Newbhard committed *or attempted to commit* the underlying robbery") (emphasis in original).

The State presented evidence that the defendant attempted to rob the victim of his gold chain by grabbing the victim's gold chain, by pulling the gold chain with such force that it cut the victim's finger down to the bone as the victim

4

attempted to hold on to the chain, and by threatening the victim by pointing a gun at his face and demanding the gold chain. These facts are sufficient to prove the underlying felony of **attempted** armed robbery. They are independent from the intentional act of shooting the victim, an act which forms the predicate for the defendant's armed robbery conviction. As this Court succinctly stated in Newbhard:

> Newbhard's actions of pointing the gun at Montesino and demanding the gold chain; later grabbing the daughter and pointing the gun at her head while demanding the chain; and still later then turning the gun on Garcia while demanding the chain, are separate and distinct acts, any one of which would alone suffice to establish the use of force element for the underlying attempted robbery. The fact that Newbhard later shot Montesino, and by the use of such force was able to successfully complete the robbery, did not serve to convert that subsequent act of shooting into an essential element of the underlying attempted robbery.

Id. at 1080. Accordingly, we find no error below. We also find the defendant's remaining argument to be without merit and decline to discuss it further. Accordingly, we affirm.

Affirmed.