# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1186

_____

JEREMIAH CORBETT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

February 20, 2019


PER CURIAM.

On September 25, 2010, Jeremiah Corbett, Eric Johnson, Raphael Thompson, and Bryant Smith attended a "teen night" event at Club Menage. After the club closed, a crowd gathered in the parking lot of a nearby Walgreens. Johnson's sister, Alexis, was among those gathered. A man in the crowd saw Corbett and his friends, pulled out a pistol, cocked it, and held it at his side pointed towards the ground. The man exchanged words with Corbett and his friends, but he never pointed the gun at them.

Corbett and his friends got into Thompson's van to leave. Thompson started to drive around the back of Walgreens, but then stopped the vehicle. Thompson and Corbett began brandishing pistols at the crowd while declaring, "They tried us."

Corbett then opened the van's door and fired a gun into the crowd, even though Johnson warned, "Stop, man, my sister's over there, my sister's over there!" As the group drove away from the scene, Corbett was still uttering, "Man, they tried us."

Alexis Johnson testified that she had been at the club and was preparing to leave in her aunt's car, when she noticed the van. Alexis saw a person open the door of the van and then gunshots rang out. Alexis tried to duck, but she felt blood flow down the back of her neck. She reached up and felt a bullet fragment. Alexis passed out after exiting her aunt's car.

When police responded to the scene, an officer found Alexis on the ground with a gunshot wound to the back of her head. Alexis was transported to the hospital and received medical treatment for her injuries. She survived the shooting.

But fourteen-year-old Horace James did not survive the incident. When police arrived at Walgreens, an officer discovered Horace lying outside the store with an apparent gunshot wound to the back of his head. Horace had come to meet his sister Leslie, who had been at the club. Leslie found her brother lying motionless on the ground.

Corbett was charged with first-degree murder with a firearm of Horace James, attempted felony murder of Alexis Johnson, shooting a firearm within or at an occupied vehicle, and possession of a firearm by a juvenile delinquent. After a jury trial during which several eyewitnesses to the shooting testified, Corbett was found guilty on all four counts.

Corbett was sentenced to life imprisonment with a twenty-five-year minimum mandatory on the first-degree murder count; life imprisonment without the possibility of parole on the attempted felony murder count; fifteen years' imprisonment on the shooting a firearm within or at an occupied vehicle count; and fifteen years' imprisonment on the possession of a firearm count. Corbett's convictions and sentences were affirmed on direct appeal. *Corbett v. State*, 134 So. 3d 453 (Fla. 1st DCA 2014) (unpublished table decision).

2

Corbett filed a motion for postconviction relief, raising nine claims. The trial court struck four of the claims as facially insufficient and gave Corbett the opportunity to amend those claims. Corbett filed an amended motion, addressing only those four claims. After reviewing the record, the trial court summarily denied both motions. This timely appeal follows.

*Analysis*

We review the summary denial of a postconviction motion de novo. *Flagg v. State*, 179 So. 3d 394, 396 (Fla. 1st DCA 2015). In order for an appellant to demonstrate ineffective assistance of counsel, the appellant must show that counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct in fact prejudiced the outcome of the proceedings because without the conduct there was a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984); *Spencer v. State*, 842 So. 2d 52 (Fla. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Spencer*, 842 So. 2d at 61.

Corbett argues that his trial counsel was ineffective for failing to (1) object to the testimony of a surprise witness, (2) retain an expert witness to testify about the type of firearm that caused the injuries to Horace James, (3) retain an expert to testify that Horace James was shot by a stray bullet or celebratory gunfire, (4) locate five witnesses, (5) investigate Javel Ponder and his cousin, (6) retain an expert in crime scene investigation and reconstruction, (7) make an adequate motion for judgment of acquittal as to counts one and two, (8) develop an alternate suspect for count one, and (9) make an adequate motion for judgment of acquittal to the intentional act element of count two. We address each of these claims in turn.

*Claim One*

Corbett alleges that his defense counsel was ineffective for failing to object to the testimony of Javel Ponder because Ponder was not listed as a potential witness in the State's discovery. The record reflects that the State disclosed Ponder as a witness on

December 12, 2012. Corbett's trial did not begin until February 25, 2013. The State's disclosure of Ponder as a witness was timely as it provided Corbett with sufficient time to prepare for trial. *State v. Johnson*, 196 So. 3d 585, 588 (Fla. 5th DCA 2016). Because the disclosure was timely, defense counsel had no grounds to object to Ponder's testimony. *Hitchcock v. State*, 991 So. 2d 337, 361 (Fla. 2008) ("Counsel cannot be deemed ineffective for failing to make a meritless objection."). Thus, the trial court properly denied this claim as conclusively refuted by the record.

*Claim Two*

Corbett next alleges that his counsel was ineffective for failing to retain an expert to testify about the type of firearm that caused Horace James's injuries. He alleged that the expert could have testified that James's wounds were not caused by a larger caliber firearm, like the one in Corbett's possession, and that it was more likely that the wound was caused by a .32-caliber bullet found by the police.

At trial, a firearm analyst testified that she could not determine the caliber of the bullet used in the shooting from the fragments obtained from the crime scene. But she testified that she could eliminate some calibers, including .32-caliber, because the characteristics of the fragments were inconsistent with those calibers. The medical examiner testified that James was shot through the back of the head, with the bullet exiting through his forehead. She testified that the size of the hole in James's head indicated that he was shot with a large caliber bullet. Given the testimony of these two experts, Corbett's assertions that a defense expert would have testified that the victim's wound was caused by a .32-caliber bullet are speculative at best. *See Connor v. State*, 979 So. 2d 852, 863 (Fla. 2007) ("Relief on ineffective assistance of counsel claims must be based on more than speculation and conjuncture.").

Further, Corbett cannot establish that he was prejudiced by counsel's failure to retain such an expert. Four people, including two people who were in the van with Corbett, testified that they saw him shoot into the crowd gathered in the Walgreens parking

4

lot.  Two other witnesses testified that they did not see who was firing the gun, but could tell that the shots were coming from the van.  Thus, presenting a defense theory that James was struck by a .32-caliber bullet would require the jury to believe that despite the lack of testimony that anyone else was firing a gun at the time of the shooting, and the testimony that Corbett was observed shooting into the crowd, James was coincidentally struck by a .32-caliber bullet that was fired at the very same time by an unidentified person.  Because Corbett's claim was wholly speculative, and because Corbett failed to show that he was prejudiced by the failure to call the expert, the trial court properly denied this claim.

### *Claim Three*

Next, Corbett argues that his attorney was ineffective for failing to retain an expert from Bullet Free Skies to testify that the victims were shot by a stray bullet or celebratory gunfire.  Even if an expert testified that it was possible for the victims to have been hit by stray bullets or celebratory gunfire, there was no evidence that there was any other gunfire in the area that night to support such a theory.  It also strains logic to suggest that when Corbett was firing his gun into a crowd, two victims in that crowd were coincidentally struck by bullets fired by some unknown third party.  Thus, the trial court properly denied this claim because Corbett cannot demonstrate that there is a reasonable probability that the outcome of his trial would have been different if counsel had presented the testimony of such an expert.  *Spencer*, 842 So. 2d at 61.

### *Claim Four*

Corbett further alleges that counsel was ineffective for failing to locate and call five witnesses:  Ponder's cousin, Greg Shealy; Emily Humphrey, the person who called in a Crime Stopper tip; and a woman who called herself "Red" on Facebook.  To state a facially sufficient claim for the failure to call a witness, "the movant must allege the identity of the potential witness, the substance of the witness's testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and

5

a representation that the witness was available for trial." *Leftwich v. State*, 954 So. 2d 714, 714 (Fla. 1st DCA 2007).

Although he was given the opportunity to amend this claim, Corbett failed to allege that any of these witnesses would have been available for trial. Thus, to the extent that Corbett sought to allege that counsel was ineffective for failing to call these witnesses, the trial court properly denied this portion of the claim as facially insufficient. *Nelson v. State*, 977 So. 2d 710, 711 (Fla. 1st DCA 2008) ("Although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim, *Spera [v. State*, 971 So. 2d 754 (Fla. 2007),] does not mandate repeated opportunities."). To the extent that Corbett sought to allege that counsel was ineffective for failing to locate these witnesses, the trial court properly denied the claim because there is no reasonable probability that the outcome of the trial court would have been different if counsel had investigated these witnesses, given that four eyewitnesses testified that Corbett was the shooter. *Spencer*, 842 So. 2d at 61.

*Claim Five*

Corbett argues that defense counsel was ineffective for failing to investigate Javel Ponder and Ponder's cousin. He alleged that Ponder testified at trial that he was in a vehicle with his cousin when he witnessed Corbett firing a gun into the crowd at Walgreens. Corbett asserted that counsel should have located the cousin to confirm or refute Ponder's testimony. He alleged that if the cousin did not place Ponder at the scene of the crime, then the jury could have rejected Ponder's testimony. The trial court properly denied this claim as speculative. Further, this claim was properly denied because even if the jury rejected Ponder's testimony, three other eyewitnesses testified that Corbett was the shooter; thus, Corbett is unable to establish how he was prejudiced by counsel's allegedly ineffective act. *Spencer*, 842 So. 2d at 61.

6

*Claim Six*

Corbett alleges that counsel was ineffective for failing to retain an expert in crime scene investigation and reconstruction. He alleges that such an expert could have testified that Corbett could not have killed James based on the testimony regarding where Corbett was located at the time of the shooting, the position of James's body, James's height, and the injury that caused James's death. The trial court properly denied this allegation as speculative. Because no gun was ever recovered, no expert could opine as to whether the victim's death was caused by Corbett's undiscovered and unexamined firearm. To the extent Corbett suggested that counsel could have found an expert to testify that James could not have been shot from Corbett's location, there is no reasonable probability that such testimony would have changed the outcome of the trial in light of the fact that four witnesses testified that they saw Corbett shooting into the crowd. *Spencer*, 842 So. 2d at 61.

*Claim Seven*

Corbett argues that defense counsel was ineffective for failing to make an adequate motion for judgment of acquittal on the charges of murder and attempted felony murder. To state a facially sufficient claim that counsel was ineffective for failing to preserve a sufficiency of the evidence claim, "a movant should state sufficient facts to show that '[h]e may very well have prevailed on a more artfully presented motion for acquittal based upon the evidence he alleges was presented against him at trial.'" *White v. State*, 977 So. 2d 680, 681 (Fla. 1st DCA 2008) (quoting *Neal v. State*, 854 So. 2d 666, 670 (Fla. 2d DCA 2003)). "Because conflicts in the evidence and the credibility of the witnesses have to be resolved by the jury, the granting of a motion for judgment of acquittal cannot be based on evidentiary conflict or witness credibility." *Hitchcock v. State*, 413 So. 2d 741, 745 (Fla. 1982).

As to the charge of the first-degree murder of Horace James, Corbett alleges that the State's evidence was insufficient to show that James was shot and killed by a bullet from Corbett's gun. He argues that there was no evidence that he fired the gun in James's direction and that there was no determination that the

7

bullet that killed James was the same size and caliber as the gun he allegedly possessed that night. Corbett's arguments are refuted by the record. The testimony at trial established that four eyewitnesses saw Corbett shoot in the direction of the crowd that was gathered in the parking lot at Walgreens. After the shots were fired, James, who was in the crowd, collapsed. The medical examiner testified that James was killed by a gunshot wound to the head. Given this evidence, even if counsel had moved for a judgment of acquittal arguing that there was no proof that one of Corbett's bullets killed James, any such motion would have been denied.

As to the charge of the attempted first-degree felony murder of Alexis Johnson, Corbett argues that the State failed to present sufficient evidence that James was shot and killed before Alexis was shot. Here, the evidence introduced at trial established that Corbett, who was angry at a man in the crowd, fired several shots into the crowd gathered in the Walgreens parking lot. While doing so, he hit and killed James instead of his intended target, thereby committing murder, and struck Alexis Johnson in the head, which could have killed her. Thus, he committed an enumerated felony and a separate intentional act. Any argument about the order of the shootings is irrelevant to the elements of this offense. Because counsel's motion for judgment of acquittal based on this argument would have failed, counsel cannot be deemed ineffective. *Hitchcock*, 991 So. 2d at 361. Thus, the trial court properly denied this claim.

*Claim Eight*

Corbett next alleges that his counsel was ineffective for failing to develop an alternate suspect for the murder of Horace James. He argues that counsel should have investigated the description of the man observed by Humphrey and Shealy and determined whether they could identify Corbett as the shooter. He further asserted that if counsel had investigated the Crime Stopper Tip that the shooter ran into a house on Arlington Road, counsel could have confirmed whether that tip was true and potentially contradicted the testimony that Corbett fled in a van after the shooting. He claimed that this information could have led counsel to an alternative suspect.

8

This claim is based entirely on speculation. Corbett first hypothesizes that the man seen by Humphrey and Shealy on the night in question was involved in the shooting. He next conjectures that there would be some form of evidence, although never alleges what type of evidence, in the house on Arlington Road that would allow counsel to verify the Crime Stopper Tip. The trial court properly denied this claim due to its speculative nature. *Connor*, 979 So. 2d at 863. The trial court also properly denied this claim because there is no reasonable probability that a defense using an alternative suspect would have been accepted by the jury in light of the fact that four witnesses identified Corbett as the shooter.

*Claim Nine*

In his final claim, Corbett alleges that his counsel was ineffective for failing to make an adequate motion for judgment of acquittal as to the intentional act element of the charge of attempted first-degree felony murder. Corbett, relying on the decision in *Milton v. State*, 161 So. 3d 1245, 1250 (Fla. 2014), asserts that counsel should have argued that the discharge of the firearm could not serve as the intentional act requirement of attempted felony murder because it was an essential element of the underlying felony of first-degree murder.

In *Milton*, the issue presented was "whether the act of discharging a firearm can satisfy the 'intentional act' element of attempted felony murder when the underlying felony is attempted murder *and the same individuals are the victims of both crimes*." *Id.* at 1246 (emphasis added). The supreme court held that "Milton's single act of discharging a firearm did not satisfy the 'intentional act' element of attempted felony murder, as it was an essential element of the underlying attempted second-degree murder." *Id.* at 1250.

*Milton* is distinguishable from this case. In *Milton*, the defendant fired multiple gun shots into a crowd of people standing in front of a house. *Id.* at 1246. He was charged with and convicted of three counts of attempted felony murder (involving three separate victims), and the underlying felony

9

alleged for each of these counts was the attempted second-degree murder of each of the three victims.  *Id.* at 1246-47.

Here, Corbett was charged with the attempted felony murder of Alexis Johnson with the underlying felony being the first-degree murder of Horace James.  Thus, this case is distinguishable from *Milton*.  Because counsel's motion for judgment of acquittal based on this argument would have failed, counsel cannot be deemed ineffective.  *Hitchcock*, 991 So. 2d at 361.  Thus, the trial court properly denied this claim.

Because all of Corbett's claims were insufficient or conclusively refuted by the record, we affirm the trial court's summary denial of his motion for postconviction relief.

AFFIRMED.

ROWE, RAY, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jeremiah Corbett, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.