DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL CHARLES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1447

[December 1, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502013CF003225AXXXMB.

Paul Charles, Perry, pro se.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Paul Charles appeals an order summarily denying his multi-claim motion filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand as to one claim regarding appellant's rejection of a plea offer. *See Alcorn v. State*, 121 So. 3d 419 (Fla. 2013).

Appellant was charged by indictment with first degree murder with a weapon, attempted first degree murder with a weapon, and armed burglary of a dwelling. The state argued first degree murder as premeditated or under a felony-murder theory.

A jury found appellant guilty as charged on the first two counts, and of the lesser included offense of armed trespass for the third count. The trial court sentenced appellant to consecutive terms of life in prison for the murder, thirty years for attempted murder, and five years for armed trespass.

In his motion for postconviction relief, appellant alleged trial counsel failed to advise him that attempted second degree murder was a qualifying

felony for first degree felony murder and that this omission caused him to reject a plea to a forty-year term for second degree murder. We accept the state's concession that the record does not refute this legally sufficient claim and that an evidentiary hearing is required. *See Brinson v. State,* 18 So. 3d 1075 (Fla. 2d DCA 2009).

On remand, the trial court shall also evaluate appellant's related claim that counsel misadvised him that any homicide conviction would be for no more than second degree murder and would likely result in a sentence of twenty-five to fifty years because of appellant's lack of criminal history. We otherwise affirm.

*Affirmed in part, reversed in part, and remanded.*

MAY, GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***